Gerald GARTMAN

v.

ALLIED TOWING CORPORATION.

Civ. A. No. 78–446–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

March 14, 1979.

Arthur C. Ermlich, Norfolk, Va., for plaintiff.

William E. Baggs, Breeden, Howard & MacMillan, Norfolk, Va., for intervening plaintiff, Bituminous Casualty Corp.

Carter T. Gunn, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for defendant.

OPINION AND ORDER

CLARKE, District Judge.

This matter comes before the Court on the motion of Bituminous Casualty Corporation to intervene and to assert a lien against the proposed settlement between the plaintiff and defendant in this case. Plaintiff has responded with a motion to quash Bituminous' notice of lien and dismiss Bituminous' motion to intervene. For purposes of this motion, the Court accepts as true Bituminous' recitation of the facts.

Stated simply the facts are as follow. Plaintiff, while working for Turner's Express, claimed a job-related injury on November 4, 1975. As workmen's compensation carrier for Turner's Express, Bituminous accepted the claim as compensable and

began paying medical and compensation benefits to plaintiff. In the latter months of 1976, the Industrial Commission heard plaintiff's claim and determined plaintiff continued to be disabled and that compensation and medical payments must continue. Pursuant to the Commission's amended opinion, payments by Bituminous continued until September 20, 1976, when plaintiff returned to work for another employer. However, it was subsequently learned that at some time in January 1976 during the time plaintiff was receiving benefits from Bituminous, plaintiff began working for Allied Towing. While employed by Allied Towing, plaintiff was injured on March 24, 1976. That injury is the basis of plaintiff's present suit against Allied under the Jones Act and general admiralty law of the United States. Bituminous claims a lien on a proposed settlement between plaintiff and defendant.

Bituminous assigns two bases for its assertion of lien: (1) a statutory right to subrogation under Va.Code § 65.1–41, and (2) a right to subrogation under the doctrines of equity.

 Section 65.1–41 of the Virginia Code [1] subrogates an employer and its workmen's compensation carrier [2] to an employee's rights against a third party responsible for the injuries giving rise to the payment of workmen's compensation. The purpose of that statute is clearly to reimburse an employer who is compelled to pay compensation as a result of the negligence of a third party and to prevent an employee from obtaining a double recovery of funds already paid to him by his employer. *See, e. g., Fauver v. Bell,* 192 Va. 518, 65 S.E.2d 575 (1951); *Noblin v. Randolph Corp.,* 180 Va. 345, 23 S.E.2d 209 (1942). The assignment to the employer of any right to recover damages an injured employee may have against a third party for his injuries is affected by the employee making a "lawful claim against [his] employer for compensation" under Virginia's workmen's compensation acts.[3]

Bituminous claims it is subrogated under section 65.1–41 to plaintiff's claim against Allied for compensation for injuries received while plaintiff was employed by Allied. Bituminous argues the assignment was affected by the "lawful claim" of plaintiff paid by Bituminous pursuant to the opinions of the Industrial Commission. The Court disagrees.

 The provisions of section 65.1–41 do not provide a right of subrogation to Bitu-

1. Section 65.1–41 of the Virginia Code provides:

> Subrogation of employer to employee's rights against third parties; evidence; recovery; compromise.—The making of a lawful claim against an employer for compensation under this Act for the injury or death of his employee shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person may have against any other party for such injury or death, and such employer shall be subrogated to any such right and may enforce, in his own name or in the name of the injured employee or his personal representative, the legal liability of such other party. The amount of compensation paid by the employer or the amount of compensation to which the injured employee or his dependents are entitled shall not be admissible as evidence in any action brought to recover damages. Any amount collected by the employer under the provisions of this section in excess of the amount paid by the employer or for which he is liable shall be held by the employer for the benefit of the injured employee or other person entitled thereto, less a proportionate

> share of such amounts as are paid, by the employer for reasonable expenses and attorney's fees as provided in § 65.1–43. No compromise settlement shall be made by the employer in the exercise of such right of subrogation without the approval of the Industrial Commission and the injured employee or the personal representative or dependents of the deceased employee being first had and obtained.

Va.Code § 65.1–41 (as amended). *See* note 2 *infra.*

2. Section 65.1–3 of the Virginia Code provides: "Employers" defined.—Unless the context otherwise requires, "employers" includes the State and any municipal corporation therein or any political division thereof and any individual, firm, association or corporation, or the receiver or trustee of the same, or the legal representative of a deceased employer, using the service of another for pay. *If the employer is insured it includes his insurer so far as applicable.* [Emphasis added].

Va.Code § 65.1–3 (as amended). *See* former Va.Code § 65–108 (1950).

3. *See* note 1 *supra.*

minous of plaintiff's rights against Allied Towing. It is clear to the Court that the statute simply does not contemplate the factual situation presented here.

As noted above, the object of section 65.-1–41 is to reimburse the employer or its insurance carrier which is compelled to pay compensation as a direct result of the negligence of another. Under its own version of the facts, Bituminous paid plaintiff medical and compensation benefits not because of any negligence, if any, of Allied Towing in causing plaintiff's reinjury, but because of plaintiff's failure to report to Turner's Express, the Industrial Commission or to Bituminous that he had returned to work. Bituminous argues it paid plaintiff compensation for plaintiff's second injury due to the Industrial Commission's determination of continued disability which in reality resulted from the negligence of Allied Towing. That, however, is not the proper basis of Bituminous' claim. If that were the appropriate basis, Bituminous would be entitled to recover through plaintiff from Allied for payments after the March 24, 1976, injury. That is not the case. Accepting *arguendo* Bituminous' facts as true, Bituminous is more properly entitled to recover payments made to plaintiff from January 1976 when plaintiff presumably had recovered from his first injury and began working for Allied Towing. Plaintiff's right to compensation from Bituminous should have stopped not from the time of the second injury but from the earlier time when plaintiff was no longer disabled.

We are not inclined to adopt a strangled reading of a state statute to make it fit our present facts. The payments made by Bituminous were for plaintiff's benefit following his initial injury. That fact never changed. Section 65.1–41 was designed to prevent an employee from acquiring two remedies for a single injury—one in tort against the third-party tort feasor, the other in contract under the Workmen's Compensation Act. *Crab Orchard Improvement Co. v. Chesapeake & Ohio Ry.*, 115 F.2d 277 (4th Cir. 1940). Here, we have not a single injury but two injuries. However, so far as Bituminous is concerned, there is only one injury and for that injury plaintiff allegedly deceived the compensation carrier into overpaying benefits to which plaintiff was entitled.

 Similarly, Bituminous' argument for equitable subrogation suffers the same defect. This is not a case where Bituminous paid a liability for which another party was more directly and equitably responsible. Bituminous made no payments to plaintiff for plaintiff's second injury. Bituminous' payments to plaintiff beyond his return to work and the presumed end of his disability were the direct result of plaintiff's failure to report his return to work rather than any wrongdoing by Allied Towing.

For the foregoing reasons, the motion of Bituminous to intervene and assert an equitable lien against any recovery by plaintiff against defendant is DENIED and plaintiff's motion to quash is GRANTED. While the Court can sympathize with Bituminous' position, its remedy is to be found in state court.