## Richmond

SAFETY-KLEEN CORPORATION, ET AL.

v.

EDWARD T. VAN HOY

March 11, 1983.

Record No. 812214.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson,*
Stephenson, and Russell, JJ.

---

* Justice Thompson participated in the hearing and decision of this case prior to the effective date of his retirement on March 2, 1983.

*John E. Kieffer (Woodward, Miles & Flannagan, P.C.,* on brief), for appellants.
*James R. Sheeran* for appellee.

COCHRAN, J., delivered the opinion of the Court.

In this case, the question for determination is whether a claimant is entitled to further compensation under the Workmen's Compensation Act when he settles a tort action, arising from the same work-related accident, without the knowledge or consent of his employer or its insurer.

On January 16, 1980, Edward T. Van Hoy, an employee of Safety-Kleen Corporation, of Bristol, Virginia, suffered a compensable injury while on the premises of Campbell Chrysler-Dodge-Jeep, Inc. (Campbell). A memorandum of agreement dated January 30, 1980, providing for payments of $154.59 per week during incapacity and payment of necessary medical expenses was approved as an award of the Commission entered on March 5, 1980.

In May, Van Hoy and his wife filed a third-party action against Campbell in Tennessee, seeking damages for the injuries to Van Hoy and for his spouse's loss of consortium. On September 16, 1980, the action was settled for $15,000. After fees and expenses, the Van Hoys received the sum of $9,820.

Insurance Company of North America (INA), the insurance carrier for Safety-Kleen, paid compensation benefits through January 29, 1981, and filed on February 2 an application for hearing

on change in condition based on its allegation that Van Hoy had settled his third-party action. As of January 29, 1981, INA had paid to Van Hoy $8,724.20 in weekly benefits and $2,839.80 in medical expenses, a total amount of $11,564. On March 30, 1981, Van Hoy filed a motion for reinstatement of benefits.

After conducting a hearing, a deputy commissioner found that Van Hoy had settled his third-party action without the knowledge or consent of Safety-Kleen or INA, thereby impairing their statutory subrogation rights. Relying on *Stone* v. *George W. Helme Co.,* 184 Va. 1051, 37 S.E.2d 70 (1946), the deputy commissioner ordered that the outstanding award be terminated and Van Hoy's claim dismissed.

Upon review, the Commission, by opinion of November 24, 1981, reversed the opinion of the deputy commissioner. The Commission, ruling that Van Hoy was not entitled to a double recovery, allowed INA credit for the net amount of the settlement by ordering suspension of payments under the award of March 5, 1980, until the further payments that may be due thereunder exceed in the aggregate the sum of $9,820. In its opinion, the Commission stated that there was no evidence of bad faith on the part of Van Hoy in the third-party settlement and no evidence that the settlement was not adequate "depending on all of the circumstances including the question of the third party's liability."

On appeal, Safety-Kleen and INA contend that under the ruling in *Stone* they are entitled to a final judgment reversing the order of the Commission and terminating Van Hoy's rights to compensation under the Act. Van Hoy argues that the Commission correctly determined that he was not entitled to benefits under the Act to the extent of the net proceeds he received from his third-party action. Van Hoy contends, however, by assignment of cross-error, that the Commission erred in crediting INA with the entire net proceeds received by his wife and him in the settlement. He asks that the case be remanded for determination of the amount of the settlement to which he alone was entitled, so that credit may be limited to that sum.

Under Code § 65.1-41,[1] once a claim for compensation is made, the employer has a right to "enforce, in his own name or

<hr />

[1] The statute provides:

§ 65.1-41. Subrogation of employer to employee's rights against third parties; evidence; recovery; compromise. — The making of a lawful claim against an employer for compensation under this Act for the injury or death of his employee shall operate as an assignment to the employer of any right to recover damages which the

in the name of the injured employee . . . the legal liability" of a third party. The employer may retain the full amount of any recovery up to the amount of compensation benefits "paid . . . or for which he is liable," and any excess is to be "held by the employer for the benefit of the injured employee." Under Code § 65.1-112, a carrier which has paid or assumed the employer's liability for payment under the Act is also entitled to subrogation similar to that given to an employer in § 65.1-41.

Under Code § 65.1-42,[2] in the event the employee, rather than the employer or carrier, brings the third-party action, the employer, at any time prior to verdict, may petition the court to order the judgment debtor on a judgment subsequently obtained first to reimburse the employer for compensation benefits paid and then to pay the balance, if any, to the employee.

These statutory subrogation provisions gave Safety-Kleen and INA the right to seek from Campbell, the third party, reimbursement for the full amount of the compensation benefits paid

---

injured employee or his personal representative or other person may have against any other party for such injury or death, and such employer shall be subrogated to any such right and may enforce, in his own name or in the name of the injured employee or his personal representative, the legal liability of such other party. The amount of compensation paid by the employer or the amount of compensation to which the injured employee or his dependents are entitled shall not be admissible as evidence in any action brought to recover damages. Any amount collected by the employer under the provisions of this section in excess of the amount paid by the employer or for which he is liable shall be held by the employer for the benefit of the injured employee or other person entitled thereto, less a proportionate share of such amounts as are paid by the employer for reasonable expenses and attorney's fees as provided in § 65.1-43. No compromise settlement shall be made by the employer in the exercise of such right of subrogation without the approval of the Industrial Commission and the injured employee or the personal representative or dependents of the deceased employee being first had and obtained.

[2] The statute provides:

§ 65.1-42. Protection of employer when employee sues third party. — In any such action by such employee, his personal representative or other person against any person other than the employer, the court shall, on petition or motion of the employer at any time prior to verdict, ascertain the amount of compensation paid and expenses for medical, surgical and hospital attention and supplies, and funeral expenses, incurred by the employer under the provisions of this Act, and deduct therefrom a proportionate share of such amounts as are paid by the plaintiff for reasonable expenses and attorney's fees as provided in § 65.1-43; and in event of judgment against such person other than the employer the court shall in its order require that the judgment debtor pay such compensation and expenses of the employer, less said share of expenses and attorney's fees, so ascertained by the court out of the amount of the judgment, so far as sufficient, and the balance, if any, to the judgment creditor.

and payable. The employer and carrier thus have a primary interest in any action against a third party under sections 65.1-41 and 65.1-42.

Van Hoy, without giving notice to or obtaining the consent of Safety-Kleen or INA, settled the third-party action in which they had a primary interest for an amount less than their existing and potential liability under the Act. When he released Campbell from further liability in exchange for the payment of the settlement figure, Van Hoy independently set a limit of $9,820 on the extent to which Safety-Kleen and INA could enforce their subrogation rights. Furthermore, since in this case the settlement has been collected by Van Hoy, any direct subrogation rights against Campbell have been destroyed completely. Having unilaterally deprived the employer and carrier of their statutory right to seek full reimbursement from the third party, Van Hoy has therefore also eliminated his own statutory right to further compensation.

This result is confirmed by a review of our decided cases. In *Noblin v. Randolph Corp.*, 180 Va. 345, 23 S.E.2d 209 (1942), the injured employee, with the advice and assistance of his employer, obtained a judgment against a third-party tortfeasor after filing a claim for compensation under the Act, but before the hearing on the claim was held. Execution on the judgment was returned unsatisfied. At the hearing on the claim for compensation, the employer contended that the judgment barred the claim. We held, however, that the employer, having assisted the employee in obtaining the judgment, could not plead the judgment in bar of liability under the Act. Further, since the judgment, greater than the compensation liability, remained unpaid and was thus available for enforcement of the subrogation rights of the employer's insurer, the employee's actions had not prejudiced those rights. We stated that the Act gives the employee "an opportunity to obtain one full recovery but prohibits him from receiving a double recovery for his injuries." *Id.* at 359, 23 S.E.2d at 214.

In *Stone v. George W. Helme Co.*, 184 Va. 1051, 37 S.E.2d 70 (1946), the employee, without the knowledge or consent of his employer or its insurer, settled with the third-party tortfeasor for an amount less than the compensation for which the employer was potentially liable. Subsequently, the employee filed for compensation under the Act. We held that the claim was barred because the statutory right of subrogation had been impaired by the settlement.

We held in *Sheris v. Sheris and Travelers,* 212 Va. 825, 188 S.E.2d 367, *cert. denied,* 409 U.S. 878 (1972), that the dependents of a deceased employee who settled a third-party action for an amount far in excess of the existing or potential compensation liability were entitled to recover no further compensation benefits. The employer's insurance carrier had been paying compensation benefits for more than two years when it filed an application with the Commission alleging that the dependents were settling their third-party action against a foreign airline in a federal court proceeding in which the insurance carrier was a party defendant. Settlement of the claim was for $75,000, the maximum permitted under the Warsaw Convention for death of a passenger in an international air flight. Of the $75,000, $5,040, the aggregate amount of compensation already paid under the Act, had been paid into the registry of the federal court to await determination whether the insurance carrier was entitled to it. We held that the dependants had obtained a full recovery from the third party, that the employer and its insurance carrier had the right to recover from the third party whatever amounts they had to pay to the dependents, and that the Commission had properly terminated the dependents' benefits under the Act.

The Act provides that no settlement of a third-party action may be made by the employer or its insurance carrier without the consent of the employee. Code §§ 65.1-41, -112. An employee, however, is not expressly prohibited from initiating and settling a third-party action without the consent of the employer and its insurer. The employer or its insurer has the right to initiate and maintain a third-party action, or to participate in any such action initiated by the employee.

Although not explicitly addressed by the Act, the lack of knowledge and consent of the employer and its insurer to a settlement is significant because of the statutory subrogation rights which they hold, and becomes crucial when the employee accepts an amount less than the compensation benefits paid and potentially payable to him by the employer. A proposal to settle all claims against a third party for less than the compensation liability contemplates the partial extinguishment of the statutory rights of the employer and carrier to seek full reimbursement out of a tort judgment. Such a possibility justifies what has been termed "the familiar rule, sometimes explicitly laid down in the statute, that if an employee settles a third-party claim without the employer's consent, the employee forfeits any right to future compen-

sation." 2A A. Larson, The Law of Workmen's Compensation § 74.17(a), at 14-372, -373 (1983) (footnotes omitted). *See, e.g., Hornback* v. *Industrial Comm'n,* 106 Ariz. 216, 474 P.2d 807 (1970); *Spielbeuhler* v. *Henry Spielbeuhler Constr. Corp.,* 28 A.D.2d 1047, 284 N.Y.S.2d 13 (1967).

■ In the present case, the Commission found that the employer had such knowledge of the third-party action that it could have filed the necessary petition to protect itself. The record is clear, however, that Van Hoy settled without the knowledge or consent of the employer or its insurer and had thereby impaired their rights of subrogation.

The Commission concluded that INA was entitled to credit for the net amount of the settlement negotiated for its benefit by the employee over whom it had no authority or control. Although it was INA's money at risk, INA was given no opportunity to participate in the settlement negotiations or even to express an opinion as to the advisability of accepting the settlement. We hold that, under the principles established in *Stone* v. *George W. Helme Co., supra,* Safety-Kleen and INA are entitled to have their liability to Van Hoy terminated. Van Hoy might thereby enjoy in part a double recovery, for he will retain the payments already made by INA in addition to his portion of his third-party settlement. We express no opinion upon this aspect of the case, for we are granting the relief which Safety-Kleen and INA have sought.

In view of our disposition of the appeal, it is unnecessary to resolve the issue raised by Van Hoy's assignment of cross-error. The portion of the settlement to which he alone is entitled is immaterial.

We will reverse the order of the Commission and enter final judgment for the employer and its insurer.

*Reversed and final judgment.*