**Norfolk**

JOSEPH G. BALL

v.

C.D.W. ENTERPRISES, INC.

and

COMMERCIAL UNION INSURANCE COMPANY

No. 0297-91-1

Decided January 7, 1992

COUNSEL

Robert J. Macbeth, Jr. (Rutter & Montagna, on brief), for appellant.

Charles F. Midkiff (William R. Culbreth; Midkiff & Hiner, P.C., on brief), for appellees.

OPINION

WILLIS, J.—Joseph G. Ball appeals the order of the Virginia Workers' Compensation Commission* terminating his right to further compensation from C.D.W. Enterprises, Inc. (the employer) and Commercial Union Insurance Company (the insurer) because of his settlement of his claim against third parties allegedly liable for the injuries which gave rise to the compensation award. He contends (1) that his action did not unilaterally deprive the employer and insurer of their statutory right to receive reimbursement from third parties, (2) that the evidence did not show that his settlement was of a viable third party claim as opposed to a withdrawal from litigation of a non-viable claim, (3) that the employer and insurer were not prejudiced by the settlement of his third party claim since he received no money and the employer and insurer, knowing of the litigation of the third party claim, failed to exercise their statutory right to file a pleading to protect their lien, and (4) that his fourteenth amendment guarantees of due process and equal protection were denied by the commission's failure to allow evidence on the issue of whether the settled third party claim was meritorious. We find no error and affirm the commission's judgment.

■ Upon appellate review, the findings of fact made by the Industrial Commission will be upheld when supported by credible

---

\* Formerly the Industrial Commission of Virginia. Effective October 1, 1991, Title 65.1 was recodified as Title 65.2. All references in this opinion are to Title 65.1, in effect at the time the Commission's decision was rendered in this case.

evidence. Code § 65.1-98; *James v. Capitol Steel Constr. Co.*, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On September 18, 1987, the appellant was severely injured by electrocution when a crane around which he was working made contact with an uninsulated overhead wire. The employer and insurer accepted responsibility and, by agreement of the parties, an award was entered December 17, 1987, requiring the employer and carrier to pay necessary medical expenses and to pay the appellant compensation of $186.67 per week.

In September 1989, the appellant sued Grove Manufacturing Company (Grove) and Virginia Electric & Power Company (VEPCO) for $5,000,000, alleging that they were legally responsible for the accident that caused his injuries. Counsel for the employer and insurer notified the appellant's counsel, both orally and in writing, of the lien claimed by the employer and insurer pursuant to Code §§ 65.1-41 and 65.1-112. Neither the employer nor the insurer filed a pleading in the tort action. The appellant agreed to settle his tort claim for $5,000, and on April 12, 1990, the Circuit Court of the City of Norfolk entered a consent order dismissing the suit against VEPCO and Grove with prejudice. The settlement and dismissal were effected without prior knowledge or consent of the employer or insurer.

On April 25, 1990, having learned of the settlement and dismissal of the third party tort claim, the employer and insurer suspended payment of further benefits and filed a change in condition application seeking termination of further liability to the appellant. This appeal is addressed to the commission's order granting that application and terminating the appellant's award.

The appellant first contends that his settlement and dismissal of his tort action against Grove and VEPCO did not unilaterally deprive the employer and insurer of their statutory subrogation rights. This position is plainly without merit. Code §§ 65.1-41, 65.1-42, and 65.1-112 subrogate employers and insurers to the rights of injured employees to whom they pay compensation and provide rights of indemnity against third parties who may be liable to those employees for their injuries. The employer and insurer gave the appellant and his attorney the notice required to assert their subrogation lien. The settlement and dismissal of the third party tort action extinguished forever the right of the appellant, or

of anyone claiming through him, to recover further from Grove or VEPCO. The $5,000 settlement was vastly insufficient to indemnify the employer and the insurer for the sums approaching $300,000 that they had paid to or on behalf of the appellant.

This case falls squarely within the scope of *Safety-Kleen Corp. v. Van Hoy*, 225 Va. 64, 300 S.E.2d 750 (1983). Van Hoy, the injured employee, having received benefits totaling $11,564 and continuing, effected a settlement with the third party tortfeasor netting $9,820. This was done without notice to or the consent of the employer. Holding that this settlement terminated the employee's right to further benefits, the Supreme Court said:

Van Hoy, without giving notice to or obtaining the consent of Safety-Kleen or INA, settled the third-party action in which they had a primary interest for an amount less than their existing and potential liability under the Act. When he released Campbell from further liability in exchange for the payment of the settlement figure, Van Hoy independently set a limit of $9,820 on the extent to which Safety-Kleen and INA could enforce their subrogation rights. Furthermore, since in this case the settlement has been collected by Van Hoy, any direct subrogation rights against Campbell have been destroyed completely. Having unilaterally deprived the employer and carrier of their statutory *right to seek* full reimbursement from the third party, Van Hoy has therefore also eliminated his own statutory right to further compensation.

*Id.* at 69, 300 S.E.2d at 753 (emphasis added). The Court went on to say:

Although not explicitly addressed by the Act, the lack of knowledge and consent of the employer and its insurer to a settlement is significant because of the statutory subrogation rights which they hold, and becomes crucial when the employee accepts an amount less than the compensation benefits paid and potentially payable to him by the employer. A proposal to settle all claims against a third party for less than the compensation liability contemplates the partial extinguishment of the statutory rights of the employer and carrier to seek full reimbursement out of a tort judgment. Such a

possibility justifies what has been termed "the familiar rule, sometimes explicitly laid down in the statute, that if an employee settles a third-party claim without the employer's consent, the employee forfeits any right to future compensation."

*Id.* at 70, 300 S.E.2d at 754. *See also Stone v. George W. Helme Co.*, 184 Va. 1051, 37 S.E.2d 70 (1946); *Green v. Warwick*, 5 Va. App. 409, 364 S.E.2d 4 (1988).

■ The appellant contends that because he received none of the proceeds of the $5,000 settlement, his compensation rights should not be terminated. This argument misses the point. The termination of the appellant's right to further compensation derives not from what he may have received, but rather from his extinguishment of the subrogation rights of the employer and insurer.

Appellant further contends that the employer and insurer should be estopped from seeking the termination of his compensation because they filed no pleading in his third party tort action. He cites no authority for this position. Indeed, the law is to the contrary. *See Safety-Kleen*, 225 Va. at 71, 300 S.E.2d at 754; *Green*, 5 Va. App. at 413, 364 S.E.2d at 7.

Appellant next contends that the evidence failed to show that the third party claim that he settled and dismissed was viable. However, he filed suit for $5,000,000. That suit presented a legally cognizable claim, a claim that was *prima facie* viable and valuable. Its true value could be determined only by the test of trial. The appellant extinguished that claim before its value could be thus tested, either by himself or by his subrogees. *See Stone v. George W. Helme Co.*, 184 Va. 1051, 1060, 37 S.E.2d 70, 74 (1946).

■ Finally, the appellant contends that he was denied due process and equal protection by the commission's refusal to hear his evidence that the claim which he dismissed was non-viable and valueless. Such evidence would have been speculative at best, seeking to show as valueless that which he had denied to the beneficial owner the right to prove valuable. The commission did not err in rejecting this evidence. The rule is well settled and plain. The appellant forfeited his right to further compensation by unilaterally depriving the employer and the insurer of their *right to*

*seek* reimbursement from the third parties. *See Safety-Kleen*, 225 Va. at 69, 300 S.E.2d at 753.

The judgment of the Virginia Workers' Compensation Commission is affirmed.

*Affirmed.*

Baker, J., and Coleman, J., concurred.