## Norfolk
## FRAZIER LEE STREICH
### v.
## TIDEWATER DOCK & STRUCTURES, INC., et al
No. 1879-91-1
Decided June 23, 1992

Counsel

C. Allen Riggins (Parter, Pollard & Brown, on brief), for appellant.

Philip E. Landrum (Landrum and Strong, on brief), for appellees.

Opinion

MOON, J.—Frazier Lee Streich seeks reversal of a decision of the Workers' Compensation Commission* denying him benefits because he settled his third party action without the consent of his employer or its workers' compensation carrier. Streich sought the employer pay a pro rata share of his attorney's fees on the amount of compensation and medical expenses it would have been entitled to recover through subrogation had it paid him compensation and medical benefits up until the date of the third party settlement. We affirm the decision of the commission because the employer had neither brought nor asserted a subrogation claim pursuant to Code § 65.1-43.

Streich was injured in an automobile accident on December 9, 1986, while working for Tidewater Dock & Structures, Inc. He suffered injuries to his right knee. Although he filed a workers' compensation claim, he did not pursue it, but pursued a civil action he had brought against a third party tortfeasor. He obtained a $150,000 judgment against the third party but settled the case for $104,000, pending an appeal of the judgment. Although the employer had knowledge of the pendency of the third party action, because the employer was not notified of the settlement of the third party claim nor was its consent requested, the settlement was deemed to be without its approval. *See Safety-Kleen Corp. v. Van Hoy*, 225 Va. 64, 300 S.E.2d 750 (1983).

Streich argues that at the time of settlement he would have been entitled to receive $17,185.21 in compensation and medical benefits had he pursued the workers' compensation claim. Therefore, he contends that one-third of that amount, $5,728.40, should be reimbursed to him by the employer because, if the employer

---

* Formerly the Industrial Commission of Virginia. Effective October 1, 1991, Title 65.1 was recodified as Title 65.2. All references in this opinion are to Title 65.1, in effect at the time the Comission's decision was rendered in this case.

had paid him the $17,185.21, under the provisions of Code § 65.1-43, it would have been liable to pay its pro rata share of attorney's fees and costs. Streich makes no claim for future disability or medical benefits. The employer contends that it has no liability because Streich did not make a workers' compensation claim nor did he show entitlement to benefits under the act before he settled with the third party.

Code § 65.1-43 provides as follows:

In any action, or claim for damages, by such employee, his personal representative or other person against any person other than the employer, and in any such *action brought, or claim asserted, by the employer* under his right of subrogation provided for in § 65.1-41, if a recovery is effected, either by judgment or voluntary settlement, the reasonable expenses and reasonable attorney's fees of such claimants shall be apportioned pro rata between the employer and the employee, his personal representative or other person, as their respective interests may appear. (emphasis added)

By its very terms, Code § 65.1-43 requires the employer to pay a pro rata share of attorney's fees and costs if the employer brings an action or asserts a claim for its right of subrogation. Here, the employer never asserted a claim for subrogation because it never paid anything to Streich. Prior to the enactment of Code § 65.1-43, the employer was not required to pay any attorney's fees if it benefited from a claimant's recovery against a third party. *See Stancil v. United States*, 200 F. Supp. 36 (E.D. Va. 1961). Code § 65.1-43 was enacted to alleviate the harshness of the rule. However, the statute is explicit and unambiguous. When the third party settlement was made, Streich had not recovered any compensation and there was no ruling establishing any entitlement to compensation. Thus, at the time of settlement, the employer had no interest in the third party claim.

This case is not controlled by the decision in *Circuit City Stores, Inc. v. Bower*, 243 Va. 183, 413 S.E.2d 55 (1992) (where the interest of the employer was reasonably established at time of settlement by an award of the death benefits and the employer had asserted a claim for subrogation, so as to bring itself within the provisions of the section).

Accordingly, the judgment appealed from is affirmed.

*Affirmed.*

Barrow, J., and Benton, J., concurred.