## Richmond

HAROLD RAY WOOD

v.

CAUDLE-HYATT, INC., et al.

No. 2238-92-2

Decided May 17, 1994

COUNSEL

Gary W. Kendall (Michie, Hamlett, Lowry, Rasmussen & Tweel, P.C., on brief), for appellant.

Gary L. Denton (Denton & Drash, on brief), for appellees.

OPINION

**COLEMAN, J.**—In this workers' compensation appeal, we hold that an injured worker who settles his common law tort claim against a third party, with his employer having knowledge of the specific terms of settlement and an opportunity to enforce its subrogation rights, is not barred from proceeding with his workers' compensation claim.

In 1987, Harold Ray Wood was diagnosed as suffering from stage one asbestosis. He filed a workers' compensation claim pursuant to Code § 65.2-503(B)(17) with the Industrial Commission[1] against Caudle-Hyatt, by whom he was regularly employed as an asbestos insulator between 1966 and 1983. Caudle-Hyatt received notice of the claim and denied liability. At Wood's request, the commission placed the claim on its inactive docket while Wood pursued common law tort actions against various asbestos manufacturers. Through his attorney, Wood negotiated offers of settlement totalling $88,000 for the tort claims. Wood notified Caudle-Hyatt in writing by certified mail of the terms of the settlement offers and stated that he intended to accept them unless Caudle-Hyatt objected within ten days.[2] Caudle-Hyatt re-

---

[1] Effective October 1, 1991, the Industrial Commission of Virginia was changed to the Virginia Workers' Compensation Commission.

[2] The June 18, 1991, letter from claimant's counsel to Caudle-Hyatt informed them that the settlement offer was "for an amount in excess of $88,000, [that the claimant] consider[ed] the . . . offers . . . fair and reasonable [and the claimant] intend[ed] to accept the[] offers . . . on June 28th unless [Caudle-Hyatt objected] prior to that time." The letter also informed Caudle-Hyatt that the claimant would seek "contribution of attorney's fees and costs pursuant to *Sheris v. Travelers,*" 491 F.2d 603 (4th Cir.), *cert. denied,* 419 U.S. 831 (1974).

sponded by denying that it was liable for Wood's asbestosis claim, including medical expenses. Caudle-Hyatt also stated that it would not pay any portion of his attorney's fees for obtaining the tort settlement. Caudle-Hyatt's response, thus, did not agree or object to Wood's proposed tort settlement, nor did it mention any subrogation rights. Wood settled the tort claims for $88,000, an amount that exceeded the sum that Wood might receive in workers' compensation benefits for stage one asbestosis, exclusive of whatever medical expenses he might incur.

Wood then requested that his workers' compensation claim for asbestosis be placed on the commission's hearing docket. After a hearing, the deputy commissioner entered a compensation award against Caudle-Hyatt, finding that Wood was last injuriously exposed to asbestos while working for Caudle-Hyatt. The award, which required Caudle-Hyatt to assume responsibility for Wood's future reasonable medical expenses, was suspended, at the request of Wood's counsel, until the amount of the monthly benefits under an award exhausted the net proceeds that Wood had received from the third-party tort recovery. The deputy commissioner also ordered Caudle-Hyatt to pay $1250 as a reasonable attorney's fee for representing the claimant before the commission on the compensation claim. The deputy commissioner made no allowance, however, for claimant's request pursuant to the holding in *Sheris v. Travelers*, for a *pro rata* share of reasonable costs and attorney's fees to the extent that the tort recovery had relieved the employer of its workers' compensation liability up to the net amount of Wood's third-party recovery.

Wood sought review of the deputy's award to the commission because it did not grant benefits for stage one asbestosis and did not order Caudle-Hyatt to pay its reasonable *pro rata* share of attorney's fees and costs for being relieved of its workers' compensation liability.

On review, the commission reversed the deputy's award for medical benefits, finding that all of Wood's compensation benefits were barred because he had settled his third-party tort claim prior to the entry of a compensation award. The commission accepted Caudle-Hyatt's position that the employer could not have participated in the third-party tort settlement because its workers' compensation liability had not been determined and, therefore, it had no subrogation rights to assert at the time. In support of its find-

ing, the commission relied on our holding in *Streich v. Tidewater Dock & Structures*, 14 Va. App. 779, 780, 418 S.E.2d 913, 914 (1992), to support its conclusion that an employer's subrogation rights do not exist until a compensation award is entered against it. The commission reasoned that by settling the tort claims before obtaining a workers' compensation award, Wood had elected to pursue his common law remedy and thereby had impaired or destroyed the inchoate subrogation rights that Caudle-Hyatt would have obtained. The commission held that, under *Streich*, the employer had no interest in the third-party claim" because no "ruling establishing . . . entitlement to compensation" had been made at "the time of [the third-party] settlement." *Id.* at 781, 418 S.E.2d at 914. The commission ruled that "Code §§ 65.2-309, -310, and -311 [creating employer's subrogation rights and providing for apportionment of reasonable expenses and attorney's fees] do not become operative" because no subrogation claim existed. Thus, the commission held that Wood was not entitled to a compensation award, including medical benefits, nor was Caudle-Hyatt required to pay its *pro rata* share of Wood's reasonable expenses and attorney's fees for the tort case, but only a fee for representing Wood before the commission on the compensation claim.

At the review hearing before the commission, Caudle-Hyatt alternatively contended that, even if it had subrogation rights, it did not consent to Wood's third-party tort settlement and, thus, he had prejudiced their subrogation rights by settling the claims without their consent. The commission found that if Caudle-Hyatt had subrogation rights, Wood's settlement of the tort claims without their consent would have prejudiced those rights. Thus, Wood's claim for compensation would also be barred on that theory.

## I.

An employee injured in the course of employment by a negligent third party may pursue a common law remedy against the tort-feasor and a claim for compensation benefits under the Workers' Compensation Act, but may obtain only one full recovery for the injury. *Noblin v. Randolph Corp.*, 180 Va. 345, 358-59, 23 S.E.2d 209, 214 (1942). If the employee pursues both remedies, at such time that the employee makes a claim for workers' compensation benefits, the "claim . . . shall operate as an assignment to

the employer of any right to recover damages," Code § 65.2-309(A), and the employer "shall be subrogated to [the right to recover damages] in his own name or in the name of the injured employee." *Id.* Thus, making a "claim" for workers' compensation benefits works as an assignment under Code § 65.2-309 of the employee's "right to recover damages" from the tort-feasor. The commission's basic premise—that an employer has no subrogation right in its employee's third-party tort claim until a compensation award has been entered against it—is, therefore, erroneous.

In reaching its conclusion, the commission relied on language from the *Streich* decision. In *Streich,* a claimant who was receiving compensation benefits under an award was barred from receiving further benefits because he settled his third-party tort claims without the employer consenting to or having notice of the terms of the settlement. The commission misconstrues the scope of the *Streich* decision. The commission considered *Streich* only from the perspective of whether the employer had asserted its subrogation rights and not whether the subrogation rights existed. The commission relied on dictum in *Streich* and interpreted that dictum in a manner that is inconsistent with the clear language of Code § 65.2-309. The Act does not require that a workers' compensation "award" be entered before an employer is subrogated to its employee's "right to recover damages." Code § 65.2-309(A) states unequivocally that "[a] *claim* against an employer . . . for injury . . . benefits shall operate as an assignment to the employer of any right to recover damages which the injured employee . . . may have against any other party." Code § 65.2-309 contains no requirement that an "award" must first be entered before an employer obtains subrogation rights. *See* Code § 65.2-101 (defining an "award").

Thus, notwithstanding language in *Streich* that may be read to suggest otherwise, we hold that under Code § 65.2-309, an employer acquires its subrogation rights in an employee's third-party tort claim when the employee makes a "claim" for workers' compensation benefits, which may be done either by filing a claim with the commission or by giving notice to the employer of the compensation claim.

Here, Wood had "filed" his "claim" with the commission before he proceeded with or settled his third-party tort claims. Thus, the assignment of "any right to recover damages" occurred and the

employer was "subrogated" to the employee's "right to recover damages" at that time. Thus, the commission erred in holding that Caudle-Hyatt had no subrogation right in Wood's "right to recover damages" when he settled his third-party tort claims. *See Gartman v. Allied Towing Corp.*, 467 F. Supp. 439, 440 (E.D. Va. 1979) (subrogation arises when employee "makes" a "lawful claim against [his] employer for compensation").

## II.

■ Although Code § 65.2-309 provides that the employer, in the exercise of its subrogation rights, may "enforce" these rights in its "own name or in the name of the injured employee," the cause of action belongs to the employee, who may also pursue that right. *See Noblin*, 180 Va. at 358-59, 23 S.E.2d at 214. However, to protect the employer who may be required to provide the employee workers' compensation benefits, the employee may not pursue his common law remedy in such a manner or settle his claim to the prejudice of the employer's subrogation right and thereafter continue to receive workers' compensation benefits. *Safety-Kleen Corp. v. Van Hoy*, 225 Va. 64, 70, 300 S.E.2d 750, 754 (1983). *See also Ball v. C.D.W. Enters.*, 13 Va. App. 470, 473, 413 S.E.2d 66, 68 (1992).

■ The commission ruled in the alternative that Wood's settlement of the third-party claim prejudiced Caudle-Hyatt's subrogation rights. The employee necessarily prejudices his employer's subrogation rights and, thus, is barred from obtaining or continuing to receive benefits under a workers' compensation award when an employee settles a third-party tort claim without notice, or without making a claim for workers' compensation benefits, or without obtaining the consent of the employer. *Stone v. George W. Helme Co.*, 184 Va. 1051, 1060, 37 S.E.2d 70, 75 (1946).

■ Where an employee receiving workers' compensation benefits fails to notify the employer of a third-party settlement, the employee destroys the employer's subrogation rights without affording it an opportunity to exercise or protect those rights. *Streich*, 14 Va. App. at 780, 418 S.E.2d at 914. Accordingly, when an "employer [is] not notified nor its consent requested, the settlement [is] deemed to be without its approval." *Id.* "When an employer's right to subrogation is defeated by an employee's settlement with a third party without the knowledge or consent of

the employer, the employee's benefits under the Workers' Compensation Act are terminated." *Green v. Warwick Plumbing & Heating Corp.*, 5 Va. App. 409, 412, 364 S.E.2d 4, 6 (1988). This is especially true when an employee settles a third-party claim for less than the potential amount of workers' compensation coverage. *Safety-Kleen*, 225 Va. at 69, 300 S.E.2d at 753; *Green*, 5 Va. App. at 412, 364 S.E.2d at 6; *Ball*, 13 Va. App. at 473, 413 S.E.2d at 68. In such situations, the employer's rights are significantly impaired.

Wood promptly notified Caudle-Hyatt by certified mail of the terms of the proposed settlement, and he requested that Caudle-Hyatt consent or voice its objection within ten days. Caudle-Hyatt did not object to the proposed settlement. Moreover, Caudle-Hyatt has at no time stated any basis for objecting to the terms of the settlement, which appears to have been in its best interest. In fact, the amount of Wood's third-party settlement was in excess of the workers' compensation benefits that Wood could receive for stage one asbestosis, exclusive of the medical expenses that he might incur.

Wood is entitled to one full recovery and no more, whether that be his workers' compensation benefits or common law tort damages.[3] By filing his workers' compensation claim and by giving his employer notice of the terms of his proposed third-party tort settlement, and by requesting that the funds from the third-party settlement be exhausted before the employer was required to pay the compensation award, Wood has afforded his employer, Caudle-Hyatt, every opportunity to protect its subrogation rights. An employee is no longer required to elect between pursuing a tort action or workers' compensation claim, nor is the employee required to forego his or her tort claim. The employee may pursue both remedies, provided the employee does not impair the employer's subrogation right, but is entitled to only one full recovery. *Stone*, 184 Va. at 1057, 37 S.E.2d at 73.

Here, unlike the employer in *Safety-Kleen* who had no "knowledge [of] or [did not] consent" to the terms of the settlement, Caudle-Hyatt was given an opportunity to object to or participate

---

[3] Should Wood's stage one asbestosis progress to stage two or three asbestosis, and, depending upon Wood's medical expenses, conceivably, the workers' compensation benefits could exceed the net amount that Wood recovered in his tort settlement.

in the settlement and was informed of the terms of the settlement. We hold that under the facts of this case, Caudle-Hyatt has not established that the terms of the settlement were prejudicial to it. Accordingly, because Caudle-Hyatt does not contest that Wood has stage one asbestosis, for which he otherwise would have been entitled to an award against Caudle-Hyatt, the commission shall enter the award, which shall be suspended until such time that the amount of the monthly benefits and reasonable and necessary medical expenses exhaust Wood's net third-party tort recovery.

## III.

■ An employer who benefits from an employee's third-party tort settlement, by recouping or being relieved of paying workers' compensation benefits, is required by Code § 65.2-311 to pay its *pro rata* share of a claimant's reasonable expenses and attorney's fees in effecting the recovery. *Circuit City Stores, Inc. v. Bower,* 243 Va. 183, 186, 413 S.E.2d 55, 56 (1992). Although the traditional jurisdiction of the commission would allow it to assess attorney's fees solely for services concerning workers' compensation claims, the legislature has specifically provided in Code § 65.2-311 that the commission is the forum for apportioning attorney's fees between the employer and employee for expenses and services in obtaining a tort recovery, "either by judgment or voluntary settlement." A claimant is not required to bear the full financial burden of recovering common law tort damages which benefit the employer. *See Stancil v. United States,* 200 F. Supp. 36 (E.D. Va. 1961). Claimants who pursue their rights against tort-feasors should be encouraged to settle such claims, provided the employer has notice of the terms of the settlement and an opportunity to consent or object to it and provided the settlement does not, in fact, prejudice the employer's subrogation rights.

■ The commission's ruling that Caudle-Hyatt was only required to pay Wood's attorney for representing him before the commission on the compensation claim was also predicated upon the commission's erroneous interpretation and application of the *Streich* decision. The commission held that Caudle-Hyatt was not required to pay its *pro rata* share of reasonable expenses and attorney's fees because Code § 65.2-311 was not "operative" since Caudle-Hyatt had no subrogation rights. As we have ruled, Caudle-Hyatt's subrogation rights arose when Wood filed his "claim" for workers' compensation benefits. Although no award

had been entered against Caudle-Hyatt nor its liability determined, when Wood filed his claim, Caudle-Hyatt had a subrogation right to recover damages that it could have exercised in its own name or in Wood's name. Had it done so, it would have had a commensurate obligation, had it pursued a settlement to protect Wood's right, and would have been required to obtain court approval of any settlement. Code § 65.2-309(C). "There is no rational distinction between the benefit an employer enjoys from being reimbursed for compensation payments already made and the benefit of being released from the obligation to make future payments." *Bower*, 243 Va. at 187, 413 S.E.2d at 57. The Supreme Court has adopted the *Sheris* "reasoning [as] persuasive." *Id.* at 187, 413 S.E.2d at 57.

Caudle-Hyatt received substantial benefit from Wood's settlement of his third-party tort claim. Accordingly, should Caudle-Hyatt be liable to Wood for workers' compensation benefits for his asbestosis under Code § 65.2-503(B)(17), it must pay its *pro rata* share of reasonable expenses and attorney's fees. Otherwise, "the employer would be relieved of a substantial obligation as a result of [the employee's] efforts without being required to compensate" the claimant for its share of the legal costs and expenses incurred. *Bower*, 243 Va. at 187, 413 S.E.2d at 57. The commission shall award Wood a *pro rata* amount of his reasonable expenses and attorney's fees in proportion to the benefit that Caudle-Hyatt received by virtue of Wood's third-party tort settlement.[4]

This case is remanded to the commission for entry of an award of compensation benefits and determination of a *pro rata* share of expenses and attorney's fees in accordance with this opinion.

*Reversed and remanded.*

Barrow, J., and Benton, J., concurred.

---

[4]*See Bohle v. Henrico County Sch. Bd.*, 246 Va. 30, 36, 431 S.E.2d 36, 40 (1993).