COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


GLENFORD KEITH MILLER

v.    Record No. 0072-95-1                    MEMORANDUM OPINION[*]
                                                   PER CURIAM
HALL AUTO MALL                                JUNE 27, 1995
AND
VADA GROUP SELF INSURED ASSOCIATION


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION
               (Sidney H. Kelsey, Jr., on brief), for appellant.

               (Philip J. Infantino; Pender & Coward, on brief), for
               appellees.


     Glenford Keith Miller contends that the Workers'

Compensation Commission erred in finding that he settled a third-

party tort claim without the knowledge or consent of Hall Auto

Mall ("employer") and its insurance carrier and in ruling that

his claim was barred by Code § 65.2-309.  In the alternative,

Miller contends that the employer should receive a credit against

future compensation benefits in an amount equal to the maximum

amount the employer could have recovered from the third-party

settlement proceeds.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     On February 10, 1993, Miller left work and began to cross

--------

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the street to an employee parking lot. He was struck by an automobile and sustained severe injuries. The employer filed an Employer's First Report of Accident with the commission. However, on June 8, 1993, the employer notified Miller that his workers' compensation claim was denied. On June 23, 1993, the commission notified Miller of his rights and obligations under the Workers' Compensation Act.

On December 22, 1993, Miller settled his third-party liability claim against the driver of the automobile. Three weeks after the settlement, Miller filed a workers' compensation claim with the commission. The employer defended on the ground that Miller settled his third-party claim without notice to the employer. The attorney who represented Miller in his third-party action submitted a letter to the commission stating that the employer and insurance carrier were aware of Miller's third-party claim and that the employer had given Miller certain wage information on a Lost Wage Form.

The deputy commissioner found that neither Miller nor his attorney informed the employer's insurance carrier of the settlement. Although the deputy commissioner found that Miller proved that he sustained a compensable injury by accident, he ruled that Code § 65.2-309 barred recovery for failure to notify the employer of the settlement. The commission affirmed the denial of an award.

Code § 65.2-309(A) provides that "[a] claim against an

2

employer . . . shall operate as an assignment to the employer of any right to recover damages which the injured employee . . . may have against any other party . . . , and such employer shall be subrogated to any such right."  In applying this statute, we held that "the employee may not pursue his common law remedy in such a manner or settle his claim to the prejudice of the employer's subrogation right and thereafter continue to receive workers' compensation benefits."  Wood v. Caudle-Hyatt, Inc., 18 Va. App. 391, 397, 444 S.E.2d 3, 7 (1994).  Furthermore, we stated the following:

> An employee necessarily prejudices his employer's subrogation rights and, thus, is barred from obtaining or continuing to receive benefits under a Workers' Compensation Award when an employee settles a third-party tort claim without notice, or without making a claim for workers' compensation benefits, or without obtaining the consent of the employer.

Id. (citing Stone, 184 Va. at 1060, 37 S.E.2d at 75).

No evidence in this record proved that the employer or carrier were given notice of the settlement prior to Miller's filing of his workers' compensation claim in January 1994 or that Miller attempted to obtain the employer's consent to the settlement.  Evidence that the employer may have been aware of Miller's third-party claim does not prove that the employer was given an opportunity to consent to the settlement or was given notice of the settlement.

Miller's contention that the employer waived its subrogation

3

rights when it denied his claim on June 8, 1993, is meritless. See Wood, 18 Va. App. at 397-98, 444 S.E.2d at 7. We also reject his argument that the right to subrogation did not arise until he filed his claim with the commission. The employer's right of subrogation "accrues upon 'the making of a lawful claim against an employer for compensation,' [b]ut when such claim is made 'the employer's rights, as assignee of the employee, relate back and are the same as those of the employee at the time of the injury.'" Stone v. George W. Helme Co., 184 Va. 1051, 1060, 37 S.E.2d 70, 74 (1946).

Because we find that Miller's claim was barred by Code § 65.2-309, we reject his alternative argument that the employer should have received a credit against future compensation benefits in an amount equal to the maximum amount the employer could have recovered from the third-party settlement proceeds. Accordingly, we affirm the commission's decision.

Affirmed.