557 S.E.2d 749

Shannon P. SKELLY and Sarah E. Skelly, as Beneficiaries
of Michael L. Skelly, Deceased, Appellants,

v.

HERTZ EQUIPMENT RENTAL CORPORATION and
Reliance National Indemnity Company, Appellees.

Record No. 2358–00–2.

Court of Appeals of Virginia.

Jan. 15, 2002.

Louis D. Snesil (Louis D. Snesil, P.C., on brief), Richmond, for appellants.

R. Ferrell Newman (Thompson, Smithers, Newman, Wade & Childress, on brief), Richmond, for appellees.

Before: FITZPATRICK, C.J., and BENTON, WILLIS, ELDER, BRAY, ANNUNZIATA, BUMGARDNER, FRANK, HUMPHREYS, CLEMENTS and AGEE, JJ.

UPON A REHEARING EN BANC

By published opinion issued June 26, 2001, *Skelly v. Hertz Equipment Rental Corp. & Reliance Nat'l Indem. Co.*, 35 Va.App. 689, 547 S.E.2d 551 (2001), a divided panel of this Court affirmed the judgment of the Virginia Workers' Compensation Commission. We stayed the mandate of that decision and granted rehearing *en banc*.

Upon rehearing *en banc*, the stay of this Court's June 26, 2001 mandate is lifted and we affirm the judgment of the Workers' Compensation Commission for the reasons set forth in the majority panel decision.

ELDER, J., with whom FITZPATRICK, C.J., BENTON, ANNUNZIATA and FRANK, JJ., join, dissenting.

I would hold this case is controlled by rather than distinguishable from *Wood v. Caudle–Hyatt, Inc.*, 18 Va.App. 391, 444 S.E.2d 3 (1994). Here, the claimants notified Hertz of the proposed settlement and the date on which they hoped to obtain court approval. The settlement did not impair Hertz's rights until a valid release was executed, which could not have occurred until the claimants obtained court approval for the settlement. Hertz had over four weeks before the court approved the settlement in which to act, but it failed to voice any objections during that time. Therefore, I respectfully dissent.

*Wood* involved a claimant with asbestosis who filed a claim for workers' compensation benefits against his employer, Caudle–Hyatt, Inc. *Id.* at 393, 444 S.E.2d at 5. Wood simultaneously pursued common law tort actions against various asbestos manufacturers and negotiated settlement offers for the tort claims. *Id.* Wood notified Caudle–Hyatt in writing by certified mail of the terms of the settlement offers and said he intended to accept them unless Caudle–Hyatt objected within ten days. *Id.* Caudle–Hyatt responded that it was not liable for Wood's asbestosis claim; it did not agree or object to the proposed tort settlement or mention any subrogation rights. *Id.* at 393–94, 444 S.E.2d at 5. Wood then settled the tort claims for an amount that exceeded the sum he might have received for his ailment under the Workers' Compensation Act, exclusive of medical expenses. *Id.* at 394, 444 S.E.2d at 5.

On appeal, we held, *inter alia,* that Wood's claim for compensation and a *pro rata* share of attorney's fees from Caudle–Hyatt was not barred because Wood informed Caudle–Hyatt of the terms of the settlement and gave it an opportunity to object or to participate in order to protect its subrogation rights. *Id.* at 398–99, 444 S.E.2d at 7–8. In essence, we held that Caudle–Hyatt consented to the settlement through its inaction.

Similarly, here, Hertz consented through inaction to the settlement of the third-party wrongful death claim on behalf of the claimants. Under general principles of insurance law, an insurer's subrogation rights are not impaired by a settlement until a valid release has been executed by one with authority to do so. *See* 16 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance 3d* § 224:100 (1999); *id.* § 224:104 ("As with any contract provision, there must be a meeting of the minds concerning the terms and conditions of the applicable provision as well as meeting all other requirements of an enforceable contract (i.e., authority and consideration)."). Virginia's wrongful death statutes provide that a decedent's personal representative may compromise a wrongful death claim only with court approval. *See* Code § 8.01–55. Here, it is undisputed that the claimants' attorney kept Hertz's attorneys apprised of the settlement negotiations in the wrongful death suit as they progressed. Although the commission found that the claimants' counsel verbally accepted a settlement offer of $725,000 on April 22, 1997, without first obtaining Hertz's approval for that exact figure, claimants' counsel informed Hertz's attorneys of the verbal acceptance that same day. The hearing required under Code § 8.01–55 for formal approval of that settlement did not occur until at least May 21, 1997, more than four weeks later. The claimants could not execute a valid release until after they obtained judicial approval and, thus, their actions could not have impaired Hertz's subrogation rights prior to that time.

During the four-week period preceding judicial approval of the settlement, claimants' counsel provided Hertz's counsel with a copy of the letter confirming settlement of the third-party claim. Claimants' counsel also wrote a separate letter, dated May 9, 1997, directly to Hertz's counsel. That letter notified Hertz of the May 21, 1997 hearing at which the claimants intended to seek approval of the third-party settlement. The letter also indicated the claimants' intent thereafter to "turn [their] attention to the subrogation interest of Hertz," indicating clearly that they did not intend to abandon their claim for workers' compensation benefits. Despite this

notice, Hertz did not appear at the May 21, 1997 hearing and did not object to the settlement prior to the court's entry of an order approving the settlement on May 27, 1997. Although Hertz lacked standing to oppose the court's entry of an order approving the third-party settlement, the claimants' or personal representative's consent remained a prerequisite to judicial approval of the settlement. If Hertz had communicated its objections to the claimants prior to the hearing, entry of the court's order of approval, or the claimants' execution of a release, the claimants could have withdrawn their consent.

Thus, I would hold that here, as in *Wood*, Hertz consented to the settlement by its inaction, and I would reverse and remand to the commission for further proceedings consistent with this approach, including the mandate that the commission address the issue raised by Hertz regarding apportionment of attorneys' fees and costs incurred by Hertz in protecting its interests in the third-party action. Therefore, I dissent.

This order shall be published and certified to the Virginia Workers' Compensation Commission.