CIRCUIT CITY STORES, INC., ET AL.

V.

WANDA C. BOWER, ADMINISTRATOR OF THE ESTATE OF
TERRY H. BOWER, DECEASED

Record No. 910421

January 10, 1992

Present: All the Justices

*R. Ferrell Newman (Thompson, Smithers, Newman & Wade,* on brief), for appellants.

*W. Coleman Allen, Jr. (Allen, Allen, Allen & Allen,* on brief), for appellees.

JUSTICE KEENAN delivered the opinion of the Court.

Circuit City Stores, Inc. and Liberty Mutual Insurance Company (collectively employer) appeal from an order in which the trial court, pursuant to former Code § 65.1-43 (now Code § 65.2-311), required the employer to pay a certain portion of the attorney's fees and expenses incurred by Wanda C. Bower, Administrator (Bower), in her settlement of a wrongful death action resulting from her husband's death.*

Terry Bower was killed in a plane crash arising out of and in the course of his employment with Circuit City Stores, Inc. As a result of his death, Wanda C. Bower and his three children were awarded workers' compensation benefits in the amount of $344 per week for a period of 500 weeks. Bower subsequently filed a wrongful death action against AVAir, Inc., the operator of the plane, and others. The parties negotiated a structured settlement of the claim having a present value of $1,900,000. Thereafter, they filed a motion in the trial court requesting approval of the settlement. In addition, the employer filed a motion pursuant to Code § 65.1-42 (now Code § 65.2-310) seeking reimbursement of compensation and expenses it had paid to Bower and her children. The employer also requested that the trial court apportion Bower's attorney's fees in accordance with Code § 65.1-43, and that it deduct the employer's portion from the amount due it in reimbursement of the monies already paid to Bower and her children.

Bower requested that the trial court apportion attorney's fees and expenses based on the entire amount of the 500-week workers' compensation award. She also asked the trial court to consider

---

* All sections of the Virginia Workers' Compensation Act referred to herein were in effect at the time of the trial court's order and predated the 1991 recodification of the Act. Former Code § 65.1-43 provides: "In any such action, or claim for damages, by such employee, his personal representative or other person against any person other than the employer, and in any such action brought, or claim asserted, by the employer under his right of subrogation provided for in § 65.1-41, if a recovery is effected, either by judgment or voluntary settlement, the reasonable expenses and reasonable attorney's fees of such claimants shall be apportioned pro rata between the employer and the employee, his personal representative or other person, as their respective interests may appear."

future cost of living adjustments (COLAs) allowable under Code § 65.1-99.1 (now Code § 65.2-709) for the 500-week period of the award. The employer argued that its share of the attorney's fees should be computed based only on the amount of compensation and expenses it had actually paid as of the hearing date.

The trial court ruled that the employer's share of attorney's fees and expenses should be based on the full 500-week award. It further ruled that COLAs for the 500-week period be included in its determination of the employer's share of Bower's attorney's fees. The trial court set an estimated COLA of 3.7% per year for the course of the 500-week period. As of the settlement date, the employer's lien for compensation benefits and expenses totalled $48,034.44. The trial court set the employer's share of Bower's attorney's fees at $43,439.90 and ordered that the employer be reimbursed $4,594.54, which represented the balance of its statutory lien. This appeal followed.

The employer argues that the trial court should have apportioned Bower's attorney's fees based only on its actual payments to Bower, rather than what would have been paid during the entire 500-week period of the workers' compensation award. The employer contends that the trial court's ruling effectively abrogates its statutory lien by allowing it to recover an amount less than ten percent of the entire lien. The employer further argues that there is no assurance that the compensation award will continue for the full 500 weeks, because for example, if both the wife remarries and the youngest child dies while he is still under eighteen years old, the award will cease. Therefore, the employer asserts that the trial court engaged in speculation in determining the employer's share based on the entire 500-week period. We disagree.

Code § 65.1-42 guarantees the employer and its compensation carrier a lien against a wrongful death settlement obtained by or on behalf of an injured worker against a third party. Pursuant to such settlement, Code § 65.1-43 directs that "the reasonable expenses and reasonable attorney's fees of such claimants shall be apportioned pro rata between the employer and the employee, his personal representative or other person, as their respective interests may appear." Thus, the statute gives the trial court discretion to determine the respective interests of the parties in the settlement obtained. In basing its award of attorney's fees and expenses on the entire 500-week period of the workers' compensa-

tion award, the trial court relied on *Sheris v. Travelers Ins. Co.*, 491 F.2d 603 (4th Cir. 1974), where the same methodology was employed. There, the court stated that:

[T]here is no rational distinction between the benefit an employer enjoys from being reimbursed for compensation payments already made and the benefit of being released from the obligation to make future compensation payments. Therefore, . . . there is nothing to indicate that when the Virginia legislature directed proration of the fees as the interests of the parties may appear, it intended that only part of the interest of the compensation carrier should be taken into account.

*Id.* at 606.

We find this reasoning persuasive and note that this position has been adopted by thirteen of the fifteen jurisdictions having similar statutes which have ruled on this subject. *See, e.g., Indiana State Highway Comm'n. v. White*, 259 Ind. 690, 291 N.E.2d 550 (1973); *Ruediger v. Kallmeyer Bros. Serv.*, 501 S.W.2d 56, 59 (Mo. 1973); *Caputo v. Best Foods, Inc.*, 17 N.J. 259, 111 A.2d 261 (1955); *Kelly v. State Ins. Fund*, 60 N.Y.2d 131, 468 N.Y.S.2d 850, 456 N.E.2d 791 (1983); *Wall v. Conn Welding & Mach. Co.*, 197 Pa. Super. 360, 179 A.2d 235 (1962); *Ischy v. Twin City Fire Ins. Co.*, 718 S.W.2d 885 (Tex. App. 1986); 2A Arthur Larson, *Larson's Workmen's Compensation Law* § 74.32(a)(4) (1990).

We disagree with the employer's contention that this result countenances speculation on the part of the trial court. Code § 65.1-43 directs the trial court to consider the respective interests of the parties in the settlement. The employer's interests include its present obligation to make future payments. The likelihood that the compensation award will be modified is but one factor to be weighed by the trial court in determining the proper amount of attorney's fees to be assessed against the employer. Although examination of this factor cannot yield a quantifiable result, we believe that consideration of the entire 500-week award is nonetheless necessary to reach an equitable outcome in the apportionment of attorney's fees. If this were not done, the employer would be relieved of a substantial obligation as a result of Bower's efforts without being required to compensate her therefor.

We also hold that the language of Code § 65.1-42 does not compel a different result. That section provides that:

In any such action by such employee, his personal representative or other person against any person other than the employer, the court shall, on petition or motion of the employer at any time prior to verdict, ascertain the amount of compensation paid and expenses for medical, surgical and hospital attention and supplies, and funeral expenses, incurred by the employer under the provisions of this Act, and deduct therefrom a proportionate share of such amounts as are paid by the plaintiff for reasonable expenses and attorney's fees as provided in § 65.1-43; and in event of judgment against such person other than the employer the court shall in its order require that the judgment debtor pay such compensation and expenses of the employer, less said share of expenses and attorney's fees, so ascertained by the court out of the amount of the judgment, so far as sufficient, and the balance, if any, to the judgment creditor.

■■■ This language operates to establish the employer's lien prior to a verdict in a third party action by the employee. It directs the trial court to compute the amount of compensation and expenses paid and to deduct therefrom the employer's proportionate share of the plaintiff's attorney's fees as provided in Code § 65.1-43. Thus, Code § 65.1-42 requires the trial court to consider only amounts actually paid by the employer in fixing the amount of the employer's lien. However, Code § 65.1-42 does not restrict the trial court's consideration to amounts actually paid in apportioning the attorney's fees. Rather, it specifically directs the trial court to apportion the attorney's fees as provided in Code § 65.1-43, that is, as the respective interests of the parties may appear.

■ Based on the above distinction, we conclude that the plain language of Code §§ 65.1-42 and -43 does not direct the trial court to apportion attorney's fees based only on the amount actually paid by the employer at the time of apportionment. *See Sheris*, 491 F.2d at 607. Further, we believe that such an interpretation would improperly limit the discretion which Code § 65.1-43 vests in the trial court.

The employer next argues that the trial court erred in considering potential COLAs in apportioning Bower's attorney's fees and expenses pursuant to Code § 65.1-43. The employer asserts that since an assessment of COLAs under Code § 65.1-99.1 is dependent upon the claimant receiving less than eighty percent of the average monthly earnings of the employee from the combined benefits payable under the Virginia Workers' Compensation Act and the Federal Old-Age Survivors and Disability Insurance Act, as well as future economic conditions, consideration of such potential assessments would be purely speculative.

Based on the evidence in this record, we conclude that the trial court erred in considering potential COLAs in apportioning Bower's expenses and attorney's fees. The assessment of COLAs under Code § 65.1-99 is remedial in purpose. It is designed to ensure that the value of the compensation award is not lessened as a result of inflation. *Dept. of Highways* v. *Williams*, 1 Va. App. 349, 354, 338 S.E.2d 660, 664 (1986). The beneficiaries' right to receive a COLA under Code § 65.1-99.1 is dependent upon the formula set forth therein and is not limited simply to future economic conditions. Several other factors must be considered in any computation of COLAs under Code § 65.1-99. Those factors include whether the beneficiaries are eligible for the federal benefits referenced in Code § 65.1-99, the duration or contingencies to which any such entitlement is subject, and the present and projected amounts of any entitlement. Since the record before us is silent regarding these factors, we hold that the trial court's consideration of potential COLAs was improper.

For the reasons stated, the judgment of the trial court will be affirmed in part, and reversed in part.

*Affirmed in part,*
*reversed in part,*
*and final judgment.*

JUSTICE COMPTON, with whom CHIEF JUSTICE CARRICO and JUSTICE STEPHENSON join, dissenting.

I do not agree that a trial court, in apportioning attorney's fees and expenses pursuant to former Code § 65.1-43, properly may base the employer's share on its total exposure for workers' compensation benefits. Rather, I believe that the employer's compensation carrier should contribute only in proportion to the actual

benefit it derives from the recovery, that is, the satisfaction of its lien.

The majority's ruling allows a trial court to speculate upon the amount of total benefits to be paid by the employer and forces the employer to pay attorney's fees for the discharge of future contingent liabilities that may never materialize, both contrary to the statutory scheme. Former Code § 65.1-42 (now § 65.2-310) provided that in any action by an employee's personal representative against a third party the trial court "*shall*, on petition or motion of the employer . . . ascertain the amount of compensation *paid* and expenses . . . *incurred* by the employer . . . and deduct therefrom a proportionate share of such amounts as are paid by the plaintiff for reasonable expenses and attorney's fees as provided in § 65.1-43. . . ." (Emphasis added.) Former Code § 65.1-43 provided for apportionment of such fees and expenses to be shared between the parties "as their respective interests may appear." This phrase obviously refers to the language in § 65.1-42 requiring the court to determine the amount of compensation "paid" and the expenses "incurred" by the employer, not to compensation "to be paid" and expenses "to be incurred."

The view adopted by the majority gives no consideration to the provisions of the Workers' Compensation Act which serve to limit an employer's liability to the dependents of a deceased employee. The right to benefits can be terminated by a beneficiary's death, remarriage, or attaining the age of 18 years. Former Code § 65.1-69 (now § 65.2-517). Thus, an employer's exposure is limited; a compensation award is not a guaranteed sum, the right to which becomes vested in a beneficiary.

Upon the second issue, I understand the majority to approve the assessment of potential future cost of living supplements, if there is evidence to support the factors set forth in former Code § 65.1-99.1 (now § 65.1-709). If that is the ruling, I disagree for the reasons stated in the discussion of the first issue.