# CIRCUIT COURT OF THE CITY OF RICHMOND

Chaplin, Papa & Gonet, P.C.

v.

Donald Blathers, Jr.,
and BFI Waste Systems
of North America, Inc.

January 12, 1999

Case No. HJ-1972-1

BY JUDGE MELVIN R. HUGHES, JR.

After the hearing in this matter, I read *Circuit City Stores v. Bower*, 243 Va. 183 (1992). That case arose in the context of a wrongful death settlement which had come to court for approval. At the time approval was sought, because the case arose out of a death occurring in the course of the decedent's employment, the employer brought on a motion under Va. Code § 65.2-310 for reimbursement of workers' compensation payments and to apportion attorney's fees and expenses.

Here, a law firm has brought a Bill of Interpleader, in equity, naming as defendants its client, Blathers, and the client's former employer. The law firm alleges that it represented Blathers in a claim for personal injury against a third party that arose out of and in the course of employment with the employer. The law firm settled the personal injury claim with the third party and deducted its fees and expenses. Stating in the Bill that it has been unable to reach an agreement on the employer's workers' compensation lien, the law firm then placed the net proceeds of the settlement with the clerk and now asks the court to determine the extent of the lien and discharge it from any further liability.

Under § 65.2-310:

the court shall, on petition or motion of the employer at any time prior to verdict, ascertain the amount of compensation paid and expenses

for medical, surgical and hospital attention and supplies ... . and deduct therefrom a proportionate share of such amounts as are paid by the plaintiff for reasonable expenses and attorney's fees as provided in § 65.2-311.

The statute goes on to say that the court can then in its order require that the judgment debtor pay such compensation and expenses of the employer:

less said share of expenses and attorney's fees ... and the balance, if any, to the judgment creditor.

Here, no underlying third party claim is before the court, thus no verdict or court order considering the lien can apply.

However, the Code recognizes an employer's right of subrogation and a lien arising out of the payment of workers' compensation benefits. See § 65.2-309 and § 65.2-311. The pertinent part of § 65.2-311 provides:

In any action, or claim for damages, by an employee ... against any person other than the employer, and in any such action brought, or claim asserted, by the employer under his right of subrogation provided for in § 65.2-304, *if a recovery is effected by judgment or voluntary settlement,* the reasonable expenses and reasonable attorney's fees of such claimants shall be apportioned pro rata between the employer and the employee ... as their respective interests may appear. [Emphasis supplied.]

The law firm cites *Circuit City Stores* as authority for the court's jurisdiction to adjudicate the lien. Again, that case was before the court on a request for approval of a wrongful death settlement under § 8.01-55 and the employer moved to determine and apportion the lien under the statute made and provided. Here, the court is without jurisdiction in the premises to adjudicate the lien because no verdict or court order contemplated by § 65.2-310 is forthcoming. Nor has the employer brought an action for an adjudication of its subrogation rights. In *Wood v. Caudle-Hyatt, Inc.,* 18 Va. App. 391, 399 (1994), the court noted the following considerations which obtain here.

An employer who benefits from an employee's third party tort settlement, by recouping or being relieved of paying workers' compensation benefits, is required by Code § 65.2-311 to pay its *pro rata* share of a claimant's reasonable expenses and attorney's fees in

effecting the recovery. *Circuit City Sores, Inc. v. Bower,* 243 Va. 183, 186, 413 S.E.2d 55, 56 (1992). Although the traditional jurisdiction of the commission would allow it to assess attorney's fees solely for services concerning workers' compensation claims, *the legislature has specifically provided in Code § 65.2-311 that the commission is the forum for apportioning attorney's fees between the employer and employee for expenses and services in obtaining a tort recovery,* "either by judgment or voluntary settlement." A claimant is not required to bear the full financial burden of recovering common law tort damages which benefit the employer. *See Stancil v. United States,* 200 F. Supp. 36 (E.D. Va. 1961). Claimants who pursue their rights against tortfeasors should be encouraged to settle such claims, provided the employer has notice of the terms of the settlement and an opportunity to consent or object to it and provided the settlement does not, in fact, prejudice the employer's subrogation rights. [Emphasis supplied.]

For the reasons stated in *Wood,* I think it was improper for the law firm to first take its fees and expenses without first getting a determination of the employer's pro rata apportionment of fees and expenses in its client's interests and then seek relief here via an interpleader naming its own client as defendant. I think the court is without jurisdiction; this matter should be brought before the Workers' Compensation Commission for a determination under the statutes.

Ms. Carr is directed to draft and submit an order dismissing the case without prejudice in order that appropriate proceedings can be initiated before the Virginia Workers' Compensation Commission.