## CIRCUIT COURT OF THE CITY OF ROANOKE

David Anthony Walsh, Jr.

v.

Julie Law Ramsdell et al.

March 6, 2000

Case No. CL98-385

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff, who had received workers' compensation benefits for his injuries, also sued for and settled his personal injury claim against third party tortfeasors. A final order of dismissal with prejudice was entered in that action. Two weeks later, a consent order reopened the case so that the employer could request to intervene and assert its claim for a workers' compensation lien on the settlement proceeds. Defendant tortfeasors ask to be released from the action, claiming that the settlement of the personal injury case relieved them of any further obligation to the employee and, thus, to the employer. Employer, who has since filed a petition to intervene and a notice of lien, argues that third party tortfeasors should not be released from the lawsuit because the possibility exists that they could be held liable for the lien amount as they failed to honor it. The Court finds the arguments of the Defendants to be more persuasive.

Section 65.2-309, Code of Virginia (1950), as amended, an integral part of the Workers' Compensation Act, allows an employee who is injured during the course of his employment the right to receive workers' compensation benefits without reducing his right to pursue his personal injury claim against a third party tortfeasor. The receipt by the employee of these workers' compensation benefits operates as an assignment to the employer of the employee's right to recovery against the third party tortfeasor. This right can be exercised if the employee does not exercise the right of action himself.

Section 65.2-309 also grants the employer the right of subrogation in and to the proceeds of any recovery to the extent that workers' compensation benefits have been paid to the injured employee.

In cases where the employer does not exercise his rights to sue the third party tortfeasor under § 65.2-309, and instead the employee himself sues the third party tortfeasor for recovery of personal injury damages for which he has also received benefits under the Workers' Compensation Act, the employer can protect its interest of subrogation by establishing a lien on the judgment or settlement proceeds. This must be done in accordance with the specific directions of § 65.2-310, by petition or motion filed "at any time prior to verdict ... ." If such a motion is made in a timely manner, then the employer's lien on the judgment or settlement proceeds can be established. If it is not filed prior to verdict as required by statute, then no lien on the judgment or settlement proceeds comes into existence. Strict compliance with § 65.2-310 is necessary in order "to establish the employer's lien prior to a verdict by a third party action by the employee." See *Circuit City Stores, Inc. v. Bower*, 243 Va. 183, 188 (1992), construing identical language in § 65.1-42, the predecessor statute to § 65.2-310.

In this case, no lien was established prior to settlement, prior to verdict, prior to the payment of the settlement proceeds to the Plaintiff employee, or prior to the dismissal with prejudice of the personal injury action. Since employer is only subrogated to the employee's rights and since the employee settled and released his claim as to the third party tortfeasors and since no workers' compensation lien was established prior to the settlement and dismissal, there exists no remaining right on the part of Plaintiff employee which employer can assert against Defendant tortfeasors. The Plaintiff employee, by settling his claim against the third party tortfeasor, unilaterally destroyed the employer's subrogation rights against the third party Defendants. See *Safety-Keen Corp. v. Van Hoy*, 225 Va. 64, 69 (1983).

Accordingly, the Defendants are released, and this case will again be dismissed with prejudice as to them. This action shall continue on the docket of the Court pending resolution of employer's petition to intervene, establish its lien on the settlement proceeds, and exercise its right of subrogation. The style of the action will not change until the employer successfully intervenes.