PRESENT:  All the Justices

LIBERTY MUTUAL INSURANCE COMPANY, ET AL.

v.  Record No. 010350   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                January 11, 2002
DAWN M. FISHER AND JOHN M. GARLOCK,
CO-ADMINISTRATORS OF THE ESTATE OF
MARY K. PILKERTON, DECEASED.

                FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                    H. Selwyn Smith, Judge Designate


     In this appeal, we consider whether the trial court erred
in barring an employer from recovering under a workers'
compensation lien, as part of the settlement of a third-party
wrongful death action, benefits paid to persons who did not
participate in the settlement of that wrongful death action.

     In November 1993, the decedent, Mary K. Pilkerton, was
employed as a receptionist by Windham Home for Adults (Windham),
a nursing home facility.  Elizabeth A. Bishop, an elderly
resident of Windham, tripped and fell as she walked across
railroad tracks adjoining Windham's property.  After being
informed that Bishop needed assistance, the decedent went to
help Bishop, who was lying on the railroad tracks.  While the
decedent was attempting to rescue Bishop, a train struck and
killed both of them.

     The decedent was survived by three children, Dawn M.
Fisher, Carolyn K. Canipe, and Kristie L. Pilkerton.  At the
time of the decedent's death, Kristie L. Pilkerton was the

decedent's minor dependent. The decedent had another dependent, Ashley N. Pilkerton, the daughter of Dawn M. Fisher, who was six years old at the time of the decedent's death. The decedent had legal custody of Ashley and provided all her monetary support.

The decedent's beneficiaries filed a claim with the Workers' Compensation Commission requesting an award for various benefits as a result of the decedent's accidental death. Windham and its insurance carrier, Liberty Mutual Insurance Co. (Liberty), stipulated that the decedent died from injuries arising out of and in the course of her employment with Windham.

In May 1995, the Commission entered an award on behalf of Kristie L. Pilkerton and Ashley N. Pilkerton for the payment of weekly benefits in the amount of $379.70, to be shared equally between them until Kristie's eighteenth birthday in December 1994. After Kristie's eighteenth birthday, the award provided that Ashley would receive the full amount of $379.70 for a maximum period of 400 weeks or until certain statutory exclusion criteria were met. The Commission also awarded payment of the decedent's funeral expenses in the amount of $1,818.92. The other two daughters of the decedent, Dawn M. Fisher and Carolyn K. Canipe, were not eligible for benefits under the Commission's award.

In February 1997, Dawn M. Fisher and John M. Garlock, the decedent's brother, (collectively, the Administrators),

qualified as co-administrators of the decedent's estate and filed a wrongful death action in the trial court against CSX Transportation, Inc. (CSX) and National Railroad Passenger Corporation (Amtrak). In November 1999, the Administrators filed a Petition for Approval of Settlement and Determination of Lien in which they asked the trial court to approve a $210,500 settlement and to determine the amount of the employer's lien for workers' compensation benefits that the employer had paid.

Liberty and Windham (collectively, Liberty) filed petitions seeking to intervene in the wrongful death action based on Code §§ 65.2-309 and -310. Code § 65.2-309 provides, in relevant part:

> A. A claim against an employer under this title for injury or death benefits shall operate as an assignment to the employer of any right to recover damages which the injured employee, his personal representative or other person may have against any other party for such injury or death, and such employer shall be subrogated to any such right and may enforce, in his own name or in the name of the injured employee or his personal representative, the legal liability of such other party. The amount of compensation paid by the employer or the amount of compensation to which the injured employee or his dependents are entitled shall not be admissible as evidence in any action brought to recover damages.

> . . . .

> C. No compromise settlement shall be made by the employer in the exercise of such right of subrogation without the approval of the Commission and the injured employee or the personal representative or dependents of the deceased employee being first obtained.

3

Code § 65.2-310 states:

> In any action by an employee, his personal representative or other person against any person other than the employer, the court shall, on petition or motion of the employer at any time prior to verdict, ascertain the amount of compensation paid and expenses for medical, surgical and hospital attention and supplies, and funeral expenses incurred by the employer under the provisions of this title and deduct therefrom a proportionate share of such amounts as are paid by the plaintiff for reasonable expenses and attorney's fees as provided in § 65.2-311; and, in event of judgment against such person other than the employer, the court shall in its order require that the judgment debtor pay such compensation and expenses of the employer, less said share of expenses and attorney's fees, so ascertained by the court out of the amount of the judgment, so far as sufficient, and the balance, if any, to the judgment creditor.

Liberty asked the trial court to determine the total amount of compensation benefits and recoverable expenses incurred by Liberty and, after deducting reasonable attorney's fees for the Administrators' attorney, to order CSX and Amtrak to pay to Liberty all compensation benefits and expenses previously incurred by Liberty on the decedent's behalf. In its petition, Liberty stated that it had paid a total of $123,484.32, including $1,818.13 in funeral expenses and $121,666.19 in indemnity benefits, to the decedent's dependents.

In June 2000, the trial court held a hearing on the Administrators' settlement petition. On the date of the hearing, Fisher, as the mother and legal guardian of Ashley N. Pilkerton, and Garlock, as Ashley's trustee, filed a waiver

4

renouncing Ashley's right to receive any proceeds from the wrongful death settlement. On June 28, 2000, the trial court approved the settlement petition and entered a final order disbursing the settlement proceeds.

The trial court's disbursal of the settlement proceeds included $10,538.50 "to Liberty Mutual for reimbursement of its lien for worker[s'] compensation payments made to Kristie Lynn Pilkerton," and $1,818.13 to Liberty for its payment of the decedent's funeral expenses. However, the court denied payment to Liberty for compensation benefits in the amount of $111,824.66 paid to Ashley N. Pilkerton, because Ashley had renounced her right to receive funds from the wrongful death settlement.

The trial court relied in its ruling on the decision in <u>ACB Trucking, Inc. v. Griffin</u>, 5 Va. App. 542, 365 S.E.2d 334 (1988), an appeal from the Workers' Compensation Commission that addressed benefits recoverable under the Workers' Compensation Act by an injured worker's dependents. There, the Court of Appeals stated:

> When an estate's beneficiaries have received a third party recovery, the carrier's right to subrogation operates in relation to each beneficiary in an individual manner. The carrier may assert its right to subrogation on behalf of each individual only to the extent that individual has recovered money in the third party settlement. . . . When a beneficiary has received less under the settlement than he is entitled to receive under the Workers' Compensation Act, the

> employer may assert its subrogation rights up to the
> amount of money received by the beneficiary in the
> settlement.

Id. at 548, 365 S.E.2d at 338.

Liberty filed a Petition for Reconsideration, which the trial court denied. Liberty appeals from the trial court's judgment.

Liberty argues that the trial court erred in barring Liberty from recovering under its statutory lien the amount of compensation paid to a beneficiary who did not receive payment in the wrongful death settlement. Liberty contends that the employer's lien created by Code § 65.2-309 attaches regardless of the identity of a plaintiff or the plaintiff's status as a participant in the settlement of a third-party action. Liberty also asserts that Code §§ 65.2-309 and -310 do not provide a trial court any discretion to reduce or deny recovery of damages under an employer's lien.

In response, the Administrators argue that Code § 65.2-309 authorizes an employer to recover damages for benefits paid only when the employer independently prosecutes an action against a third-party tortfeasor and recovers damages against that tortfeasor. The Administrators contend that because Code § 65.2-310 does not address the settlement of an action brought by an employee or her personal representative, the employer's lien does not attach to amounts recovered in such a settlement,

6

but attaches only against a judgment rendered against a third party after a trial. We disagree with the Administrators' arguments.

We consider Code §§ 65.2-309 and -310 in a manner that harmonizes and gives effect to each statute. See City of Virginia Beach v. Siebert, 253 Va. 250, 252, 483 S.E.2d 214, 216 (1997); First Va. Bank v. O'Leary, 251 Va. 308, 312, 467 S.E.2d 775, 777 (1996). Under Code § 65.2-309, once a workers' compensation claim is made, an employer has a right "to enforce," in its own name or in the name of the injured employee or her personal representative, the legal liability of a third party. Code § 65.2-309; see Safety-Kleen Corp. v. Van Hoy, 225 Va. 64, 67-68, 300 S.E.2d 750, 752 (1983); Sheris v. Sheris Co., 212 Va. 825, 834, 188 S.E.2d 367, 373 (1972); Feitig v. Chalkley, 185 Va. 96, 101, 38 S.E.2d 73, 75 (1946). Code § 65.2-812 provides that an employer's insurance carrier is subrogated to all rights and duties of the employer when the insurance carrier has assumed the employer's liability or has paid compensation for which the employer is liable. See Safety-Kleen, 225 Va. at 68, 300 S.E.2d at 752.

Code § 65.2-310 operates to protect an employer's lien in an action brought by an employee or her personal representative against a third party. See Circuit City Stores, Inc. v. Bower, 243 Va. 183, 188, 413 S.E.2d 55, 57 (1992). At any time before

7

a verdict is reached in an action, an employer may petition the court under Code § 65.2-310 to ascertain the amount of its lien and deduct from that amount certain fees and expenses incurred by the plaintiff.  Code § 65.2-310 further directs that if a judgment is obtained in an action, the court shall order the judgment debtor to reimburse the employer this sum from the amount of the judgment.  See Safety-Kleen, 225 Va. at 68, 300 S.E.2d at 752-53.

We conclude that the language of Code §§ 65.2-309 and -310, considered together, permits an employer to assert its statutory lien against any recovery obtained in an action brought against a third party liable for the employee's injury or death. Code § 65.2-309(A) assigns to the employer "any right to recover damages which the injured employee, his personal representative or other person may have against any other party for such injury or death . . . ."  (Emphasis added.)

The only restriction that Code § 65.2-309 imposes on the employer's lien rights is set forth in Code § 65.2-309(C), which takes effect when those lien rights are asserted in a compromise settlement arising from an action that the employer has initiated against a third party.  This statutory provision directs that in such circumstances, settlements reached by an employer will be subject to the approval of the Workers' Compensation Commission and the injured employee, her personal

representative, or the dependents of the deceased employee.  Id.
Apart from this restriction, Code § 65.2-309 does not otherwise
restrict an employer's right to recover damages in a compromise
settlement under the employer's statutory right of subrogation.

The language of Code § 65.2-310 does not limit the lien
rights created by Code § 65.2-309 when a compromise settlement
is reached in a third-party action brought by an injured
employee or her personal representative.  The trial court's duty
to compute the amount that an employer may recover under its
lien is not limited to actions in which a verdict is reached and
a judgment is obtained.  See Circuit City, 243 Va. at 188, 413
S.E.2d at 57.  Code § 65.2-310 directs the trial court to make
this computation at the employer's request in "any action"
against a third party brought by an employee or her personal
representative.  In the event that a judgment is obtained
against a third party, the employer is further protected by the
statute's requirement that the court order the judgment debtor
to pay the amount of the employer's lien, minus certain fees and
expenses, from the amount of the judgment.  Therefore, we
conclude that an employer's lien rights created by Code § 65.2-
309 may be enforced in any action against a negligent third
party that is resolved by a compromise settlement, irrespective
of whether the action is initiated by an employer, its employee,
or the employee's personal representative.

The contrary interpretation advanced by the Administrators would permit a trial court to refuse enforcement of a lien created by Code § 65.2-309 when a compromise settlement is reached in an action brought by an employee or her personal representative against a third party.  We reject this interpretation because the language employed by the General Assembly in Code  §§ 65.2-309 and -310 evidences no such intent. The Administrators' interpretation also would improperly allow employees who settle their claims against third parties to shield their recovery from an employer's lien.  Such a result would directly conflict with the established principle that an employee may not prosecute an action against a negligent third party to the prejudice of an employer's lien rights.  See Stone v. George W. Helme Co., 184 Va. 1051, 1058-59, 37 S.E.2d 70, 73 (1946); Skelly v. Hertz Equip. Rental Corp., 35 Va. App. 689, 698, 547 S.E.2d 551, 555-56 (2001).

Based on our holding, we also disagree with the statutory interpretation rendered by the Court of Appeals in ACB Trucking. The language of Code §§ 65.2-309 and -310 does not restrict an employer's right to obtain reimbursement of benefits paid to the amount that an individual beneficiary has recovered in a third-party action.  In the absence of statutory language to that effect, there is no basis for placing such limits on an employer's right of recovery under the statutory lien created by

10

Code § 65.2-309.  Thus, to the extent that the holding in <u>ACB</u> <u>Trucking</u> is inconsistent with the holding we express here, we overrule that portion of the Court of Appeals' decision.

Finally, we find no merit in the Administrators' argument that a trial court has discretion under the Virginia Wrongful Death Act, Code §§ 8.01-50 through –56, to determine whether an employer may obtain recovery under its lien created by Code § 65.2-309.  The language of Code §§ 65.2-309 and –310 does not permit any such restriction to be placed on the amount that an employer may recover under its statutory lien.  In addition, no provision in the Wrongful Death Act gives a trial court the discretion to impose limits on the amount of the employer's lien created by Code § 65.2-309.

For these reasons, we will reverse the trial court's judgment and remand the case for proceedings consistent with the principles set forth in this opinion.

<u>Reversed and remanded.</u>