COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Elder and
         Senior Judge Coleman
Argued at Salem, Virginia


POWHATAN CORRECTIONAL CENTER/
 COMMONWEALTH OF VIRGINIA
                                        OPINION BY
v.   Record No. 1123-02-3        JUDGE SAM W. COLEMAN III
                                        MAY 6, 2003
VIRGINIA GRACE MITCHELL-RIGGLEMAN


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Scott John Fitzgerald, Assistant Attorney
        General (Jerry W. Kilgore, Attorney General;
        Judith Williams Jagdmann, Deputy Attorney
        General; Edward M. Macon, Senior Assistant
        Attorney General, on brief), for appellant.

        No brief or argument for appellee.


        Powhatan Correctional Center/Commonwealth of Virginia

(employer) appeals a decision of the Workers' Compensation

Commission awarding Cost-of-Living Adjustment (COLA) benefits to

Virginia Grace Mitchell-Riggleman (claimant).  Employer contends

the commission erred as a matter of law in finding claimant was

entitled to COLA benefits beginning in June 1994 because her

monthly Social Security benefits, combined with her workers'

compensation disability benefits, exceeded eighty percent of her

pre-injury average monthly wages at all times after that date.

Because we find that the commission's opinion does not contain

an adequate statement of the findings of fact or an award which

would allow this Court to review claimant's entitlement to COLA benefits beginning in February 2000, we remand the case.

Code § 65.1-99.1 (now Code § 65.2-709), in effect at the time of claimant's July 19, 1990 injury by accident, provided in pertinent part the formula for determining COLA benefits as follows:

> In the event that the combined disability benefit entitlement of a claimant or his dependents under the Virginia Worker's Compensation Act and the Federal Old-Age Survivors and Disability Insurance Act is less than eighty percent of the average monthly earnings of the claimant before disability or death, cost of living supplements shall be payable, in addition to other benefits payable under this Act, in accordance with the provisions of this section to those recipients of awards resulting from occupational disease, accident, or death occurring on or after July 1, 1975, under § 65.1-54, 65.1-56 (18), 65.1-56.1(4), 65.1-65 and 65.1-65.1.

The purpose of the COLA provision is to ensure that the value of a compensation award is not lessened due to inflation. See Circuit City Stores v. Bower, 243 Va. 183, 189, 413 S.E.2d 55, 58 (1992). The COLA provision found in the Workers' Compensation Act "is not self-executing. . . . [A] claim for a cost-of-living supplement [is] cognizable only under the change-of-condition sections of the Act. . . . [T]hese sections require an application and a showing of eligibility by the claimant and an award by the Commission." Jewell Ridge Coal v. Wright, 222 Va. 68, 70, 278 S.E.2d 820, 821 (1981).

Thus, claimant bore the burden of proving her entitlement to COLA benefits.  Id.  On the other hand, employer was required to file a change-in-condition application with the commission if it wished to seek a credit for any overpayment of COLA benefits it had made to claimant.

On September 18, 2000, claimant filed a letter application with the commission requesting that it determine whether she was entitled to COLA benefits after she reached age sixty-two and began receiving Social Security retirement benefits.  Although advised to do so on at least two occasions, employer did not file a change-in-condition application seeking a credit for overpayment of COLA benefits it had allegedly made to claimant.

Thus, claimant's September 18, 2000 application presented the sole issue properly before the commission, which was whether claimant was entitled to an award of COLA benefits after she began receiving Social Security retirement benefits in February 2000.  Claimant did not contest the amount of COLA benefits she had received before she began receiving Social Security retirement benefits nor did employer file any application seeking a credit for COLA benefits previously paid to claimant.

In considering claimant's application, the deputy commissioner found as follows:

> Mitchell's entitlement to COLA commenced with the February 1, 1992 award on October 1, 1992.  During the period June 1994 through September 1994, however, her SSI benefit was such that she was not entitled

- 3 -

to COLA supplements during that period. Furthermore, the Commission finds that Mitchell's entitlement ended on November 30, 1999 at which time, her Social Security payments increased. The Commission therefore concludes that from the total COLA of $19,390.47, $611.74 must be deducted. Consequently, Mitchell's COLA entitlement is $18,778.73.

(Emphasis added.) The deputy commissioner entered an award in favor of claimant for the payment of $18,778.73 in COLA benefits, and stated that "[t]he employer is to receive credit for any supplements paid." The deputy commissioner did not award COLA benefits to claimant after November 30, 1999.

In its opinion, the full commission rejected employer's argument that claimant's Social Security disability benefits and lost wage benefits had always exceeded 80% of her pre-injury average weekly wage. In doing so, the commission found as follows:

> [Employer] also argues that an unknown portion of [claimant's] retirement benefits are actually disability benefits. This latter argument is incorrect. The Social Security Administration notes that the claimant began receiving retirement benefits in February 2000. Although [claimant's] "technical entitlement to disability continues," she is not receiving sums which represent disability as opposed to retirement benefits.
>
> With regards to the Commission's calculations dated August 2001, we find that these calculations are accurate.
>
> The Opinion below is therefore AFFIRMED.

- 4 -

In affirming the deputy commissioner's decision and award, the full commission affirmed the finding that claimant was entitled to COLA benefits from October 1, 1992 to June 1994, and September 1994 to November 30, 1999. The deputy commissioner did not award claimant COLA benefits after November 30, 1999 and, therefore, if the full commission intended to award COLA benefits to claimant beginning February 2000 because she was receiving Social Security retirement benefits, not Social Security disability benefits, the commission was required to make specific factual findings with respect to that issue and to enter an appropriate award. It did not do so. Moreover, the commission referred to August 2001 calculations as support for its decision; however, the record does not contain any calculations dated August 2001. Furthermore, the deputy commissioner's August 17, 2001 opinion does not contain any mathematical calculations to support the deputy commissioner's findings and award.

Code § 65.2-705(A) requires the commission to "make an award, which together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue, shall be filed with the record of the proceedings." Because the commission did not comply with the statute, we vacate the commission's opinion and remand this case to the commission for it to provide adequate factual findings and an award with respect to claimant's entitlement to COLA benefits

- 5 -

beginning in February 2000.  See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 384, 363 S.E.2d 433, 438 (1987).

Vacated and remanded.