COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, McCullough[*] and Senior Judge Haley
Argued at Fredericksburg, Virginia

**PUBLISHED**

NAA LAMILEY WILLIAMS

v.      Record No. 0947-15-4

OPINION BY
JUDGE ROBERT J. HUMPHREYS
MARCH 29, 2016

CAPITAL HOSPICE AND COMPANION
 PROPERTY & CASUALTY INSURANCE COMPANY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Jeremy Flachs (Justin Lerche; Law Offices of Jeremy Flachs, on
brief), for appellant.

Catherine A. Karczmarczyk (Ramesh Murthy; Penn, Stuart &
Eskridge, on brief), for appellees.

Amicus Curiae: Virginia Trial Lawyers Association (Craig B.
Davis; Stephen T. Harper; Reinhardt Harper Davis, PLC, on brief),
for appellant.

Naa Williams ("Williams") appeals the decision of the Virginia Workers' Compensation

Commission (the "Commission") denying her $1,437.31, the pro rata reduction of her

employer's ("Capital Hospice") workers' compensation insurance carrier's ("Companion") lien

recovered from the negligent third party, Victoria Fire and Casualty/Nationwide ("Victoria").

Specifically, Williams claims the Commission erred in interpreting Code §§ 65.2-309, 65.2-311,

and 65.2-313.

---

[*] Justice McCullough participated in the hearing and decision of this case prior to his
investiture as a Justice of the Supreme Court of Virginia.

## I. BACKGROUND

Williams was involved in an automobile accident on October 13, 2011 and sustained injuries to her neck and back. On October 27, 2011, Williams retained counsel. That same day, counsel for Williams sent a letter to Victoria, the insurance carrier for the negligent third party involved in the accident, informing Victoria of its representation of Williams. Victoria acknowledged receipt of the letter that same day. Williams's counsel did not send a letter of representation to her employer's workers' compensation carrier, Companion. Williams, without the assistance of counsel, filed a claim for workers' compensation benefits on November 11, 2011. On August 10, 2012, counsel for Williams filed a second claim for benefits.

On March 23, 2012, Companion, the workers' compensation insurance carrier for Capital Hospice (Williams's employer), initiated arbitration proceedings with Victoria, the insurance carrier for the third party, seeking recovery of its workers' compensation lien of $4,060.19. The lien represented the payments Companion had made to or on behalf of Williams pursuant to the Virginia Workers' Compensation Act ("the Act"). Victoria made a request that the arbitration proceedings be deferred to "allow more time for a settlement of the pending personal injury" action, which was denied. On August 13, 2012, the arbitrator issued a decision ordering Victoria to pay $4,060.19, the full lien amount, to Companion.

On March 6, 2014, counsel for Williams filed a letter claim with the Commission alleging she was entitled to an additional $1,353.40 to be paid by Companion, representing the pro rata share of attorney's fees and expenses from the $4,060.19 recovered by Companion from Victoria through arbitration. On April 9, 2014, Williams settled her personal injury claim against the negligent third party/Victoria for $10,000 prior to trial.

Deputy Commissioner Tabb conducted an evidentiary hearing on July 7, 2014. In a written opinion, Deputy Commissioner Tabb found that Williams was entitled to a payment of

$1,437.31 because "it is required that reasonable attorney's fees and expenses shall be apportioned pro rata between the [employer and employee], regardless of the attorney's degree of involvement in the companion case." He explained that the attorney's fees ($3,333) and costs ($210.20) for Williams totaled $3,543.20, which was 35.4% of the $10,000 third-party recovery. Therefore, the deputy commissioner concluded that Williams's counsel "was entitled to the reduced compensation lien or $1,437.31 ($4,060.19 x .354), and the employer shall owe 35.4 percent of each future entitlement, if any."

Companion requested a review of the deputy commissioner's opinion by the Commission. On May 21, 2015, the Commission issued its opinion, which reversed the deputy commissioner. The Commission found that Companion was permitted under the Act to resolve its subrogation lien with the negligent third party without first obtaining approval of the Commission and claimant pursuant to Code § 65.2-309(A) and (C). Additionally, the Commission noted that the employer has a statutory right to recover its lien and explained, "[w]e can glean nothing from the statutory language which evidences the legislature's intention to grant the claimant a right superior to that of the employer's, to recover money owed [to] the employer." Further, the Commission held that Code §§ 65.2-309, 65.2-311, and 65.2-313 did not require that Williams receive $1,437.31 from Companion's recovery of its workers' compensation lien. Finally, the Commission found no merit to Williams's argument that Companion's recovery of its lien prejudiced her ability to secure a favorable settlement in her tort action against the third party.

## II. ANALYSIS

In her appeal, Williams asserts that the Commission erred in interpreting Code §§ 65.2-309, 65.2-311, and 65.2-313. "An issue of statutory interpretation is a pure question of

law which we review de novo." Ford Motor Co. v. Gordon, 281 Va. 543, 549, 708 S.E.2d 846, 850 (2011).  With regard to issues of statutory construction,

> [a]lthough "the practical construction given to a statute by public officials charged with its enforcement is entitled to great weight by the courts and in doubtful cases will be regarded as decisive," Southern Spring Bed Co. v. State Corp. Comm'n, 205 Va. 272, 275, 136 S.E.2d 900, 902 (1964), "when an issue involves a pure question of statutory interpretation, that issue does not invoke the agency's specialized competence but is a question of law to be decided by the courts." Alliance to Save the Mattaponi v. Commonwealth, 270 Va. 423, 442, 621 S.E.2d 78, 88 (2005).

Commonwealth v. Barker, 275 Va. 529, 536, 659 S.E.2d 502, 505 (2008).

### A.  The Application of Code § 65.2-309(C)

Williams's first assignment of error claims the Commission erred in holding that Companion could resolve its subrogation lien with the third party without first obtaining approval of the Commission and the claimant pursuant to Code § 65.2-309(C).

Code § 65.2-309(C) provides:

> No compromise settlement shall be made by the employer in the exercise of such right of subrogation without the approval of the Commission and the injured employee or the personal representative or dependents of the deceased employee being first obtained.

In determining that Companion was not required to obtain approval from the Commission and Williams before arbitrating its claim with Victoria, the Commission interpreted Code § 65.2-309(C) "as contemplating the exercise of the employer's right of subrogation by prosecuting the tort case against the negligent third party," and therefore concluded that Code § 65.2-309(C) does not apply to "an action by an employer against the third party solely to recover its lien."  We agree with the Commission regarding the legislative purpose behind Code § 65.2-309(C), when, as here, the recovery of such a lien has no impact upon a claimant's tort case against the negligent third party.  In this case, the arbitration Companion initiated against

- 4 -

Victoria was for the sole purpose of seeking reimbursement for its lien and did not in any way implicate the rights of Williams. Further, contrary to her bare assertions, Williams enjoys no interest in Companion's workers' compensation lien.

Code § 65.2-309(A) provides:

> A claim against an employer under this title for injury, occupational disease, or death benefits shall create a lien on behalf of the employer against any verdict or settlement arising from any right to recover damages which the injured employee, his personal representative or other person may have against any other party for such injury, occupational disease, or death, and such employer also shall be subrogated to any such right and may enforce, in his own name or in the name of the injured employee or his personal representative, the legal liability of such other party. The amount of compensation paid by the employer or the amount of compensation to which the injured employee or his dependents are entitled shall not be admissible as evidence in any action brought to recover damages.

Thus, pursuant to Code § 65.2-309(A), the employer/insurer is subrogated to an employee's rights against a third party responsible for the injuries giving rise to the payment of compensation. "The purpose of the statute is to reimburse an employer who is compelled to pay compensation as a result of the negligence of a third party and to prevent an employee from obtaining a double recovery of funds." Tomlin v. Vance Int'l, 22 Va. App. 448, 452, 470 S.E.2d 599, 601 (1996). "The only restriction that Code § 65.2-309 imposes on the employer's lien rights is set forth in Code § 65.2-309(C), which takes effect when those lien rights are asserted in a compromise settlement arising from an action that the employer has initiated against a third party." Liberty Mut. Ins. Co. v. Fisher, 263 Va. 78, 85, 557 S.E.2d 209, 212 (2002).

Code § 65.2-310 protects the employer when the employee sues a third party:

> In any action by an employee, his personal representative or other person against any person other than the employer, the court shall, after reasonable notice to the parties and the employer, ascertain the amount of compensation paid and expenses for medical, surgical and hospital attention and supplies, and funeral expenses incurred by the employer under the provisions of this title and

> deduct therefrom a proportionate share of such amounts as are paid by the plaintiff for reasonable expenses and attorney's fees as provided in § 65.2-311 . . . .

In short, "Code § 65.2-310 operates to protect an employer's lien in an action brought by an employee or her personal representative against a third party." Liberty Mut., 263 Va. at 84, 557 S.E.2d at 212. Notably, "[t]he language of Code § 65.2-310 does not limit the lien rights created by Code § 65.2-309 when a compromise settlement is reached in a third-party action brought by an injured employee or her personal representative." Id. at 85, 557 S.E.2d at 212. Therefore, "the language of Code §§ 65.2-309 and -310, considered together, permits an employer to assert its statutory lien against any recovery obtained in an action brought against a third party liable for the employee's injury or death." Id.

With this background in mind, we conclude that Code § 65.2-309(C) cannot apply to an action by an employer for the sole purpose of recovering its lien because interpreting the code section otherwise would be inconsistent with the overall statutory scheme. Code §§ 65.2-309 and 65.2-310 must be considered in a manner that harmonizes them and also gives effect to each section of the Act. See id. "The purpose and effect of the [Act] are to control and regulate the relations *between the employer and the employee*." Hartford Fire Ins. Co. v. Tucker, 3 Va. App. 116, 120, 348 S.E.2d 416, 418 (1986). The requirements of Code § 65.2-309(C) cannot apply to an action between an employer and third party solely to recover its statutory lien because such action does not involve the employee or her rights under the Act, and thus, is not within the jurisdiction of the Commission.

Generally, the jurisdiction of the Commission is "limited to those issues which are directly or necessarily related to the right of an employee to compensation for a work-related injury." Henry's Wrecker Serv. Co. v. Smoot, 35 Va. App. 365, 373, 545 S.E.2d 551, 555 (2001). "[W]hen the rights of the employee in a pending claim are not at stake, the commission[ ]

disavow[s] jurisdiction and send[s] the parties to the courts for relief." Id. "Thus, the commission is empowered to decide matters between the employer and employee affecting *compensation rights* and directly related interests of the employee that spring from the Act." Id. "Questions between the insurer and the employer or another insurer do not 'arise under' the Act except insofar as they affect the rights of an injured employee." Hartford Fire, 3 Va. App. at 121, 348 S.E.2d at 419.

Accordingly, Code § 65.2-309(C) necessarily contemplates a situation where the employer exercised its right of subrogation by prosecuting a tort case against a third party. In that scenario, Williams's rights would be implicated, and the Commission's jurisdiction would be triggered to protect Williams's interests. The requirements of Code § 65.2-309(C) would serve to protect Williams from an unreasonably reduced settlement which may satisfy the employer's lien, but would fail to compensate Williams for her injuries caused by the third party.[1] Thus, the Commission would have jurisdiction to protect Williams's rights. Here, however, neither Williams's compensation rights under the Act, nor her unresolved claims against the negligent third party were at issue in the arbitration. In fact, Williams continued to pursue her personal injury claim against the negligent third party and ultimately settled that claim for $10,000. Therefore, the Commission did not have jurisdiction over Companion's reimbursement claim against Victoria.

Williams contends that she has an interest in Companion's lien because she could have negotiated a lien reduction with some of her medical providers. However, Williams is unable to

---

[1] We note that there is no statutory requirement that notice of the employer's intention to exercise its right of subrogation be provided to the employee, except insofar as Code § 65.2-309(C) requires the approval of the Commission and the injured employee before reaching a compromise settlement. This omission further demonstrates that Code § 65.2-309(C) necessarily applies only to actions by the employer that directly implicate the employee's interests.

point to any legal authority that suggests she has a legal right to do so. The Act certainly does not contain any language suggesting an employee's opportunity to negotiate a lien reduction would trump Companion's express statutory right to subrogation. Second, despite Williams's claim, the Act does not provide a claimant with a superior right to prosecute a third-party claim to recover the employer's lien, as Williams suggests. The language of Code §§ 65.2-309 and 65.2-310 clearly provides the employer with an equal right to prosecute a third-party claim. As the Commission noted, we also could "glean nothing from the statutory language which evidences the legislature's intention to grant the claimant a right superior to that of the employer's, to recover money owed to the employer." The Commission further explained, "[w]hile it may be the rare case that an employee and employer independently pursue their respective claims against a negligent third party, nothing in the Act prohibits such an approach . . . [and] there are valid reasons an employer may elect to protect and prosecute its own claim."

Moreover, there was no "compromise settlement" in this case, as contemplated by Code § 65.2-309(C).

> When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity. If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute.

Ford Motor Co., 281 Va. at 549, 708 S.E.2d at 850 (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)).

The plain meaning of a "compromise" is "the result or embodiment of concession or adjustment." Webster's Third New International Dictionary 469 (1993). "Settlement" means "satisfaction of a claim by agreement often with less than full payment." Id. at 2079. See also: Compromise Settlement, Black's Law Dictionary (10th ed. 2014) (defining "compromise

- 8 -

settlement" as "an agreement between two or more persons to settle matters in dispute between them; an agreement for the settlement of a real or supposed claim in which each party surrenders something in concession to the other"). On the other hand, "arbitration" is defined as "the hearing and determination of a case between parties in controversy by a person or persons chosen by the parties or appointed under statutory authority instead of by a judicial tribunal provided by law." Webster's, supra, at 110.

In this case, Companion and Victoria voluntarily participated in an arbitration, which ultimately resulted in the arbitrator issuing a decision that was binding on the parties. Companion was awarded one hundred percent of its claimed damages, which represented its total workers' compensation lien of $4,060.19. As such, although both parties agreed to submit the claim to arbitration for resolution, there was no negotiation or concessions on the part of Companion to resolve the claim. Further, the parties did not reach an agreement; instead, the arbitrator issued a binding decision and Victoria was ordered to compensate Companion the exact amount of its lien. Accordingly, we hold that the decision of the arbitrator ordering Victoria to reimburse Companion for its workers' compensation lien was not a "compromise settlement" within the meaning of Code § 65.2-309(C).

Therefore, consistent with the Act's statutory scheme, we hold that the Commission did not err in finding that Code § 65.2-309(C) is limited to actions in which the employer is exercising its right of subrogation by prosecuting a tort case against a third party.

### B. Pro Rata Reduction of $1,427.31

Williams's second assignment of error contends that the Commission erred in holding that Code §§ 65.2-309, 65.2-311, and 65.2-313 did not require Companion to pay Williams $1,437.31, the pro rata reduction of Companion's workers' compensation lien.

- 9 -

Code § 65.2-311 provides:

> in any action, or claim for damages, by an employee, his personal representative or other person against any person other than the employer, and in any such action brought, or claim asserted, by the employer under his right of subrogation provided for in § 65.2-309, if a recovery is effected, either by judgment or voluntary settlement, the reasonable expenses and reasonable attorney's fees of such claimants shall be apportioned pro rata between the employer and the employee, his personal representative or other person, as their respective interests may appear.

Code § 65.2-313 states:

> in any action brought, or claim asserted, by the employer under his right of subrogation provided for in § 65.2-309, if a recovery is effected, the employer shall pay to the employee a percentage of each further entitlement as it is submitted equal to the ratio the total attorney's fees and costs bear to the total third-party recovery until such time as the accrued post-recovery entitlement equals that sum which is the difference between the gross recovery and the employer's compensation lien.

Pursuant to Code § 65.2-311, "[a] claimant is not required to bear the full financial burden of recovering common law tort damages which benefit the employer." Wood v. Caudle-Hyatt, Inc., 18 Va. App. 391, 399, 444 S.E.2d 3, 8 (1994). The requirement of Code §§ 65.2-311 and 65.2-313 that the employer pay its pro rata share of reasonable expenses and attorney's fees prevents a situation where "the employer would be relieved of a substantial obligation as a result of [the employee's] efforts without being required to compensate [the employee]" for its share of legal costs and expenses. Circuit City Stores v. Bower, 243 Va. 183, 187, 413 S.E.2d 55, 57 (1992). Thus, Code § 65.2-311 requires an employer who *benefits* from an *employee's third party settlement* by recouping its payment of workers' compensation benefits to pay its pro rata share of claimant's reasonable expenses and attorney's fees in effecting the recovery.

Code §§ 65.2-311 and 65.2-313 do not apply to this case because Companion did not benefit from a third-party settlement secured by Williams. Instead, Companion exercised its own statutory right to subrogation and received full compensation for its workers' compensation

lien, without any assistance or involvement of Williams or her counsel. Further, as discussed above, the arbitration between Companion and Victoria did not implicate any of Williams's rights under the Act or her right to pursue her own third-party claim. This holding is consistent with existing case law which has held that employers are required to pay their pro rata share of expenses when they *benefit* from third-party actions prosecuted by *employees*. See e.g. Circuit City, 243 Va. at 187-89, 413 S.E.2d at 57-58 (holding employer was responsible for its pro rata share of fees and costs because employee had instituted the action, paid all expenses and secured a settlement, which benefited the employer); Wood, 18 Va. App. at 400, 444 S.E.2d at 9 (concluding the employer received "substantial benefit from [employee's] settlement of his third-party tort claim" and thus was liable to the employee for its "pro rata share of reasonable expenses and attorney's fees").

To hold otherwise would be inconsistent with the statutory scheme and bestow an additional benefit upon the employee for an action pursued entirely by the employer pursuant to its right of subrogation, which did not implicate any of Williams's rights. Therefore, we hold that the commission did not err in finding that Williams was not entitled to $1,437.31 from Companion's recovery of its workers' compensation lien.

### C. Prejudice to Williams's Third-Party Claim

Williams's third assignment of error asserts that she was prejudiced by Companion's arbitration with Victoria. Specifically, Williams claims that the arbitration had a detrimental effect on Williams's ability to settle her own personal injury claim against Victoria because she received less from her settlement than if Victoria had not paid Companion its workers' compensation lien.

First, the amount of compensation paid by Victoria to Companion for the workers' compensation lien is not admissible in evidence in Williams's personal injury suit. See Code

§ 65.2-309(A) ("The amount of compensation paid by the employer or the amount of compensation to which the injured employee or his dependents are entitled shall not be admissible as evidence in any action brought to recover damages."). Moreover, Victoria, as the third party, is not permitted to defend Williams's personal injury claim on the basis that Williams had been compensated for her lost wages or that her medical expenses were paid pursuant to the Act. See e.g. Acordia of Va. Ins. Agency v. Genito Glenn, L.P., 263 Va. 377, 387, 560 S.E.2d 246, 251 (2002); Acuar v. Letourneau, 260 Va. 180, 188, 531 S.E.2d 316, 320 (2000); Schickling v. Aspinall, 235 Va. 472, 474, 369 S.E.2d 172, 174 (1988). Finally, Williams did settle her personal injury claim with Victoria before trial for $10,000, a greater amount than her claimed medical bills of $6,906. We agree with the Commission's finding:

> Like any litigant, the claimant is at liberty to prosecute her claim, introduce her medical bills and lost wages as damages, and gamble on receipt of a satisfactory verdict. If she does not desire to take that gamble, then like any litigant, she is left with the option of attempting settlement. The claimant's prospects of securing a sufficient recovery, whether by trial or settlement, are not prejudiced by the employer's direct recovery of its lien.

Accordingly, we hold that Companion's exercise of its statutory right of subrogation through arbitration did not prejudice Williams's right to pursue her own personal injury claim.

### III. CONCLUSION

Consistent with the Act's statutory scheme, we hold that the Commission did not err in finding that Code § 65.2-309(C) is limited to actions in which the employer is exercising its right of subrogation by prosecuting a tort case against a third party. Further, we hold that Williams is not entitled to $1,437.31 from Companion's recovery of its workers' compensation lien because Companion did not receive the benefit of its lien as a result of a third-party settlement secured by Williams. Finally, Companion's exercise of its statutory right of subrogation through arbitration

did not prejudice Williams's right to pursue her own personal injury claim.  Therefore, we affirm the Commission's decision.

<u>Affirmed.</u>